Karen Corp. v. The Burlington Northern and Santa Fe Railway

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-018-CV

KAREN CORP. APPELLANT

V.

THE BURLINGTON NORTHERN

AND SANTA FE RAILWAY COMPANY APPELLEE

------------

FROM THE 48
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant, Karen Corp., appeals the granting of summary judgment and attorney’s fees arising from a declaratory judgment action raising four issues: 1) the trial court erred in interpreting the contract upon which the declaratory judgment action is based and in granting summary judgment to Appellee, The Burlington Northern and Santa Fe Railway Company, based on its interpretation of the contract; 2) 
the trial court made numerous procedural errors in granting the summary judgment
; 3) the trial court erred in awarding attorney’s fees to Appellee because there is no evidence that it was entitled to such fees, or in the alternative, there is insufficient evidence to support the award of attorney’s fees; and 4) the trial court erred in denying Appellant’s motion to transfer venue.  We affirm the trial court’s judgment.

FACTS

In December of 1997, Appellee sold their signboard permits to Outdoor Services, Inc. (OSI).  The terms and conditions of the sale were incorporated into a confidential agreement (OSI Contract) between Appellee and OSI.  Pursuant to the OSI Contract, Appellee granted OSI easements, which enabled OSI to erect signboards on the property owned by Appellee in several states.  In October of 1999, Appellee sold land encumbered by one of the easements to Appellant.  

After the sale, Appellant asked Appellee for a copy of the OSI Contract, claiming that it was owed money under that contract and claiming that a clause in the Sale Contract between Appellee and Appellant required Appellee to give it a copy of the OSI Contract.  Appellee resisted disclosure because the OSI Contract has a confidentiality and nondisclosure clause.  Appellee contends that it would be in breach of the OSI Contract if it disclosed the terms of the OSI Contract without a court order.  Appellant filed a rule 202 deposition motion with an Amarillo trial court seeking to force disclosure of the OSI Contract. Appellee brought suit in Tarrant County requesting the trial judge to declare that it had not breached the Sale Contract and wasn’t required to turn over the OSI Contract. 

The trial court entered partial summary judgment in favor of Appellee holding that the Sale Contract did not require Appellee to disclose the OSI Contract to Appellant.  The trial court then adjudicated the remaining issue by entering a final judgment awarding Appellee attorney’s fees. 

CONTRACT CONSTRUCTION
 

In Appellant’s first issue, it claims that paragraph 21 of the Sale Contract shows that the parties intended to require Appellee to give Appellant the OSI Contract.  The paragraph states, 

Leases other than Buyer – Leases, easements, licenses, occupancy agreements, and other agreements if any for use or occupancy of the land or any portion thereof being in the name of other than Buyer, shall be assigned to Buyer upon date of conveyance of the Property and will be subject to apportionment of prepaid rental, payable to Buyer, as of date of conveyance.  A True and Complete list of all such instruments, and to the extent in the Railroads files, true and complete copies shall be provided to Buyer upon execution of this agreement.

Appellant claims that this paragraph requires the production of any document that affected the right to use or occupy the land including the easement granted to OSI by Appellee.  Appellant then points us to the assignment agreement (Assignment) signed between Appellant and Appellee pursuant to paragraph 21, stating that this agreement when read with paragraph 21 shows that the parties intended the production requirements of paragraph 21 to include the OSI Contract.  Appellant focuses on the last paragraph of the Assignment, which states that Appellee

hereby sells, transfers, conveys and assigns unto [Appellant] all of [Appellee’s] right, title and interest in and to the Agreements.  Effective as of the date of this Assignment, [Appellee] and [Appellant] will apportion and prorate all prepaid rentals, license fees and other amounts in excess of $500 received by [Appellee] with respect to the Agreements.

The term“Agreements” included “all leases, easements, licenses, occupancy agreements and other documents and investments relating, pertaining or otherwise applicable to the Tract of property described . . . whether or not such instrument is listed.”  Appellant claims that this language in the assignment shows the parties’ intent to produce both the easement and the OSI Contract.  Appellee agrees that the Assignment included the easement itself but contends that the OSI Contract does not affect the title to the property and the Assignment does not require Appellee to produce it.  Appellee states that the parties intended paragraph 21 to require only the disclosure of documents that are for the use and occupancy of the land in question.  

We must determine whether the Sale Contract when read together with the assignment requires Appellee to produce the OSI Contract.

STANDARD OF REVIEW

It is a basic rule of contract law that when a court is called upon to interpret a contract, the court will give plain meaning to the words used in the writing.  
See City of Pinehurst v. Spooner Addition Water Co.
, 432 S.W.2d 515, 518-19 (Tex. 1968).  In interpreting a contract, we may read instruments pertaining to the same transaction together to ascertain the parties’ intent, “even if the parties executed the instruments at different times and the instruments do not expressly refer to each other.”  
Fort Worth Indep. Sch. Dist. v. City of Fort Worth
, 22 S.W.3d 831, 840 (Tex. 2000).  It is the objective intent of the parties as reflected by the entire instrument that controls the meanings of the given words in a contract.  
See
 Jones v. Kelley
, 614 S.W.2d 95, 98 (Tex. 1981); 
Cadle Co. v. Harvey
, 46 S.W.3d 282, 286 (Tex. App.—Fort Worth 2001, pet. denied).
  If a contract is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous.  
See R & P Enters. v. LaGuarta, Gavrel, & Kirk, Inc
., 596 S.W.2d 517, 518-19 (Tex. 1980).  Where a contract provision is unambiguous on its face, its construction is a question of law for the court alone.  
See Pinehurst
, 432 S.W.2d at 518.  

DISCUSSION

In the present case, both the Sale Contract and the Assignment concerned the sale and conveyance of the land in question and involved the same parties.  We hold that the Sale Contract and the Assignment must be read together to determine the intent of the parties. 
See Cadle
, 46 S.W.3d at 286.

Appellant contends that reading the Sale Contract and Assignment together shows the parties intended for Appellee to disclose the OSI Contract.  Appellant points to language in the Assignment that states that the parties will “apportion and prorate all prepaid rentals, license fees and other amounts in excess of $500.“  Appellant claims that this language included the contract for the sale of the lease to OSI because the lease had to be over $500.  We disagree.

When we look at the agreement in its entirety, we see that the parties intended to force disclosure of all instruments that affected the title to the land, and to transfer compensation for any prepaid leases or other similar agreements over to Appellant.  The Sale Contract’s language states that “[l]eases, easements, licenses, occupancy agreements, and other agreements if any 
for use or occupancy of the land
 or any portion thereof being in the name of other than Buyer, shall be assigned” to Appellant.  (emphasis added.)  The use of the word “for” means for the purpose of.
 
 See 
W
EBSTER’S
 T
HIRD
 N
EW
 I
NTERNATIONAL
 D
ICTIONARY
 886 (1981) (stating that the definition of the word “for” means “with the purpose or object of”).
  Thus, the Assignment requires production of all documents that were for the purpose of the use or occupancy of the land.    

At first glance, the OSI Contract seems to affect the use and occupancy of the land because it provides that Appellee will give OSI easements, and it also sets forth some of the required terms of the easements.  However, according to the summary judgment evidence, the purpose of the OSI Contract was for the sale of the signboard permit rights, and the easements to OSI were only a means of implementing that sale.  Without the easements allowing OSI to construct and operate the signboards on Appellee’s property, the ownership of the signboard permits would be worthless.  Further, the OSI Contract in itself has no legal effect on the land.  It does not transfer rights of use or occupancy to OSI.  Thus, the purpose of the OSI Contract was not to give OSI the right to use and occupy the land and did not have the legal effect of giving OSI any such rights because it was not recorded and was not a present conveyance.  Only the easement itself gave OSI the right of use and occupancy of a portion of the land and only it had to be disclosed. 

We further note that the language used in the Assignment makes the  easement perpetual.  While the Assignment clearly implicates the proration of rental and license-type fees, i.e., periodic ongoing payments of the right to use a portion of the land for a defined period, there would be no legitimate way for the parties to prorate an easement which has no fixed ending point.  
See Temple-Eastex, Inc. v. Addison Bank
, 672 S.W.2d 793, 798 (Tex. 1984) (holding that “a construction rendering the contract possible of performance will be preferred to one that renders its performance impossible or meaningless”).  We hold that the trial court did not err in finding that paragraph 21 of the Sale Contract does not show the parties intent to require Appellee to give Appellant the OSI Contract. 
 Jones
, 614 S.W.2d at 98.

Appellant alternatively argues that paragraph 21 is ambiguous and that a fact issue exists that would prevent summary judgment in the case.  We hold that the Sale Contract unambiguously expresses the intent of the parties, and Appellant has failed to show the existence of a fact issue that would have prevented summary judgment.  
See Gulf Ins. Co. v. Burns Motors, Inc
., 22 S.W.3d 417, 423 (Tex. 2000).  We overrule Appellant’s first issue on appeal.

PROCEDURAL ERRORS

Appellant contends in its second issue that the trial court made numerous procedural errors in granting the summary judgment.  Appellant alleges that: 1) the trial court improperly refused to grant a motion for continuance on a summary judgment hearing despite Appellant showing its need for additional discovery; 2) the trial court erred by denying Appellant’s motion for leave to supplement its response with additional affidavits; 3) the trial court failed to specifically dispose of Appellant’s counterclaim for breach of contract; and 4) the trial court entered a vague summary judgment order.    

In Appellant’s first subissue, it complains that the trial court improperly denied its motion for a continuance of the summary judgment hearing.  A request for a continuance is within the trial court's discretion, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown.  
Medford v. Medford
, 68 S.W.3d 242, 247-48 (Tex. App.—Fort Worth 2002, no pet.); 
Kubinsky v. Van Zandt Realtors
, 811 S.W.2d 711, 716 (Tex. App.—Fort Worth 1991, writ denied).  Absent a showing that the trial court acted arbitrarily and unreasonably, we will not disturb its decision on appeal.  
Medford, 
68 S.W.3d at 248.  

In the present case, the clerk’s record shows that Appellant filed its second motion for continuance three days before the date set for the summary judgment hearing.  Appellant complains that it did not have a long enough discovery period, but Appellee did not file a no-evidence summary judgment motion which requires full time to be given for discovery.  
See Clemons v. Citizens Med. Ctr.
, 54 S.W.3d 463, 466 (Tex. App.—Corpus Christi 2001, no pet.) (holding that the discovery deadline has no impact on court's decision to grant traditional summary judgment.).

We further note that “[w]here a party receives notice of the date of the hearing in excess of the required twenty-one days, denial of a motion for continuance based on lack of time to prepare is generally not an abuse of discretion.”  
Sullivan v. Bickel & Brewer
, 943 S.W.2d 477, 485 (Tex. App.—Dallas 1995, writ denied); 
Clemons v. State Farm Fire and Cas. Co.
, 879 S.W.2d 385, 394 (Tex. App.—Houston [14th
 Dist.] 1994, no writ).  The record shows that Appellant had well over eight months for discovery, and it filed its first motion for continuance over six months before the date of the hearing complained of here.  Further, Appellant does not challenge the lack of notice for the hearing in this case, so we can assume that it received the required twenty-one days.  
See White v. Wah
, 789 S.W.2d 312, 319 (Tex. App.—Houston [1st Dist.] 1990, no writ).

The trial court granted the summary judgment as a matter of law based on its interpretation of the contract, which we have already upheld.  Therefore, Appellant cannot show that more discovery would have benefitted it in any way.  We hold that the trial court did not abuse its discretion in refusing to grant a second continuance to allow Appellant more time for discovery for a traditional summary judgment motion when Appellee was entitled to judgment as a matter of law.

In Appellant’s second subissue, it complains that the trial court committed error by failing to grant its motion to supplement the summary judgment record to include new affidavits.  Appellant moved to supplement the summary judgment record months after the trial court granted the partial summary judgment.  Rule 166a(c) provides that the nonmovant may file affidavits no later than seven days before the summary judgment hearing.  T
EX
. R. C
IV
. P. 166a(c).  The trial court does not abuse its discretion when it refuses to consider untimely affidavits opposing a motion for summary judgment.  
See Sullivan
, 943 S.W.2d at 486; 
Bell v. Moores
, 832 S.W.2d 749, 755 (Tex. App.—Houston [14th
 
Dist.] 1992, writ denied).  We overrule Appellant’s second subissue.

In Appellant’s third subissue, it claims that the trial court did not specifically render judgment on its counterclaim for breach of contract.  The supreme court has recently held that we must look at the record and not the language of the order to determine whether the trial court ruled on all the issues before it.  
See Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 200 (Tex 2001).  Appellee’s partial summary judgment motion requested the trial court to declare that Appellee had not breached the Sale Contract.  The trial court granted Appellee’s motion, and this ruling impliedly denied Appellant’s counterclaim which directly conflicted with the trial court’s ruling.  
See Salinas v. Rafati,
 948 S.W.2d 286, 288 (Tex. 1997) (finding that granting of motion to disregard “automatically” denied motion for judgment on verdict); 
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  We overrule Appellant’s third subissue.

In Appellant’s fourth subissue, it claims that the trial court entered a vague summary judgment order.  A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution.  
Stewart v. USA Custom Paint & Body Shop, Inc
., 870 S.W.2d 18, 20 (Tex. 1994).  Appellant states that the trial court’s judgment does not meet these requirements.  Appellant fails to show how the judgment does not meet the requirements.  

For this court to rule on an issue on appeal, the  party who brings the point forward must support it by argument and authorities.  
See
 T
EX
. R. A
PP
. P. 38.1(h); 
Harper v. Harper
, 8 S.W.3d 782, 784 (Tex. App.—Fort Worth 1999, pet. denied); 
Knoll v. Neblett
, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  We do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred.  
See Hall v. Stephenson
, 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  We hold that Appellant waived its fourth subissue by failing to sufficiently brief the argument.  Having overruled all of Appellant’s subissues, we overrule Appellant’s second issue.

ATTORNEY’S FEES

In Appellant’s third issue, it claims that the trial court improperly awarded Appellee attorney’s fees.  Appellant claims that the trial court did not have statutory authorization to award the fees, and even if we find that a statute did authorize the fees, the evidence was factually and legally insufficient to support the award.  In the alternative, Appellant contends that a fact issue exists that would bar summary judgment.  

STANDARD OF REVIEW

Under Texas law, declaratory judgments authorize the award of attorney’s fees that are equitable and just.  
See
 T
EX
. C
IV
. P
RAC
. R
EM
. C
ODE
 A
NN
. § 37.009 (Vernon 1997).  “[T]he Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law.”  
Bocquet v. Herring
, 972 S.W.2d 19, 21 (Tex. 1998).

In determining a "no-evidence" issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).

An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination.  
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex.)
, cert. denied, 
525 U.S. 1017 (1998).

DISCUSSION

We must determine whether the record supports the award of attorney’s fees under the Declaratory Judgments Act.  In Reuben L. Hancock’s affidavit attached to Appellant’s response to Appellee’s summary judgment motion, he claims that the fees “appear excessive” because during his representation of Appellant, he billed less than Appellee’s attorney.  Hancock’s wording does not establish a fact issue here, because he qualifies his opinion with “appears”.  
See Humphreys v. Caldwell
, 888 S.W.2d 469, 470 (Tex. 1994) (An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient.).  When Hancock qualified his opinion, he showed that he lacked the needed personal knowledge to base a legally sufficient opinion on.  

Hancock further stated that although he had not seen any of Appellee’s bills, in his opinion, the fees sought were “either excessive or they incorporated legal services rendered in one or both of the Amarillo cases.”  Hancock did not base this opinion on fact; therefore, it is conclusory.  
Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.
, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ) (holding that an affidavit must be made on personal knowledge and it must set forth facts, not legal conclusions).

Appellant’s conclusory affidavit responding to Appellee’s motion for summary judgment over attorney’s fees did not raise any factual issues which would prevent the granting of the motion.  
See O’Donnell v. Roger Bullivant of Texas, Inc.
, 940 S.W.2d 411, 416 (Tex. App.—Fort Worth 1997, writ denied) (holding that unsubstantiated opinions or unilateral and subjective determinations of facts are incompetent summary judgment evidence)
.

Appellee’s motion for summary judgment, on the other hand, provided the court with an itemized billing log that showed the amount of time spent on the case and what part of the case the attorney worked on during that time.  Jeffrey J. Wolf, the attorney for Appellee, provided an affidavit.  Wolf testified in his affidavit that he normally charged an hourly fee of $295 an hour, but due to his long-standing relationship with Appellee, he only charged $150 per hour in this case.  Wolf further testified to the qualifications and the hourly rate of all members of the firm who worked on the case.  Appellee filed both Wolf’s affidavit and the itemized billing with the summary judgment.  Without conflicting summary judgment proof, Appellee conclusively established the reasonableness and necessity of the award of attorney’s fees in this case.  
Bocquet
, 972 S.W.2d at 21.

We must next determine whether the award of attorney’s fees in this case was equitable and just as a matter of law.  
Id.
  Appellant contends that the award of attorney’s fees was not equitable and just because it was entitled to a copy of the OSI contract.  Because we have determined it was not so entitled, their argument fails.  Having reviewed the entire record, we find that the trial court did have statutory authorization to award attorney’s fees, and the evidence was both factually and legally sufficient to support the award of attorney’s fees.  We overrule Appellant’s third point on appeal.

VENUE

In Appellant’s final issue, it claims that the trial court lacked proper venue, and, therefore, we should reverse the case and remand it to Potter County.  Appellant claims that the suit affects the title to land, and mandatory venue statutes require the case to be brought in the county where the land is located.
 
 Appellee claims that the case does not affect ownership or title to land, and the permissive venue statute allows it to bring the case in Tarrant County.

STANDARD OF REVIEW

Actions for declaratory judgments are governed by general venue rules for civil actions.  
In re Continental Airlines, Inc.
, 988 S.W.2d 733, 735 (Tex. 1998).  In deciding whether the trial court properly determined venue, the scope of review for an appellate court is to consider the entire record.  T
EX
. C
IV
. P
RAC.
 & R
EM
. C
ODE
 A
NN
. § 15.064(b) (Vernon 2002).  A trial court’s erroneous denial of a motion to transfer venue is not harmless and requires reversal of the judgment and remand for a new trial.  
Id.; Allison v. Fire Ins. Exch., 
98 S.W.3d 227, 241-242 (Tex. App.—Austin
, 2002, no pet. h.). 

 This review should be conducted like any other review of a trial court's fact findings and legal rulings, except that the evidence need not be reviewed for factual sufficiency.  
Ruiz v. Conoco, Inc
. 868 S.W.2d 752, 758 (Tex. 1993).  “If there is probative evidence to support the trial court's determination, even if the preponderance of the evidence is to the contrary, we believe the appellate court should defer to the trial court.”  
Id.

DISCUSSION

Appellant contends that this suit affected the title or ownership of land, and therefore, the trial court could not refuse to transfer venue to the county where the land was located.  Appellee counters by stating that the declaratory judgment suit was based on the interpretation of a contract, and it had no effect on the ownership or title of the property.  
See
 T
EX
. C
IV
. P
RAC
. R
EM
. C
ODE
 A
NN
. § 15.011 (Vernon 2002).  Section 15.011 states that “[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.”  
Id.
  Appellee claims that this statute does not apply in the present situation, because the suit does not affect the land, but is instead a contract dispute, and venue is proper in Tarrant County where Appellee accepted the contract.  We agree.

After a close inspection of the entire record, we have found no evidence that this suit affected the ownership or title to a tract of land.  Appellee asked the trial court to decide the meaning of a phrase in a contract and to determine the parties’ rights pursuant to that interpretation.  Neither Appellee nor Appellant asked the court to rescind the Sale Contract, nor did they dispute ownership to the tract of land.  The trial court granted the relief Appellee requested and found that the Sale Contract did not require Appellee to disclose the OSI Contract.  We hold that the facts of the case do not implicate section 15.011, and therefore, the case did not invoke a mandatory venue provision.  
Id.
  Appellee, therefore, had the limited right to choose a permissive venue in which to bring suit.  
See Wilson v. Tex. Parks & Wildlife Dep’t
, 886 S.W.2d 259, 261(Tex. 1994) (holding that when no mandatory venue provisions apply, the plaintiff has the right to select from permissive venue options).

 Under Texas law, unless a mandatory venue statute controls “all lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.”  T
EX
. C
IV
. P
RAC.
 & R
EM
. C
ODE
 A
NN
. § 15.002(a). 
 

In this case, Appellee accepted the contract in Tarrant County. 
 Appellee’s principle place of business is in Tarrant County.  David Schneider, Appellee’s principle officer in charge of negotiating the Sale Contract, testified through his affidavit that he negotiated the entire contract in Tarrant County.  Further, Appellant’s breach of contract claim concerned alleged omissions which, had they occurred, would have been in Tarrant County.  

We hold that probative evidence does exist to support the trial court’s determination that venue was proper in Tarrant County.  
Ruiz
, 868 S.W.2d at 758.  The trial court did not err in finding that venue existed in Tarrant County.  We overrule Appellant’s fourth issue on appeal.

CONCLUSION

Having overruled all of Appellant’s issues on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J; DAY and LIVINGSTON, JJ.

LIVINGSTON, J. concurs without opinion.

DELIVERED:  April 24, 2003