In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-124 CV


____________________



ELIJAH W. RATCLIFF, Appellant



V.



POLK COUNTY TITLE, INC., RONALD P. BOYCE,


AND E.L. McCLENDON, JR., Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 19256






MEMORANDUM OPINION (1)


 This is an appeal by the plaintiff in a defamation suit against a title company, a title
examiner, and an attorney for disseminating a title report that expressed the opinion that
the plaintiff's grandmother had died intestate. We affirm the judgment for the reasons
explained in this opinion. 

 Allegedly acting in both an individual capacity and as the executor of the estate of
Katie Ratcliff, Elijah W. Ratcliff filed a suit in which he alleged that the appellees, Polk
County Title, Inc., Ronald P. Boyce, and E.L. McClendon, Jr., published a title report 
which stated that "Elijah Ratcliff and wife, Katie Ratcliff acquired title to subject property
by deed dated May 24, 1913. It appears that they both died intestate." (2) Ratcliff alleged
that Katie Ratcliff died testate, that the title report was therefore defamatory, and that
publication of the allegedly defamatory statement injured him in negotiating a timber
contract and in conducting a bail bonding business. Ratcliff also alleged that the injury
followed a pattern of disregard for the rights of property owners and the civil rights of
"Negro citizens." 

 Ratcliff originally filed the suit in federal court and commenced the state court
litigation after the federal court suit was dismissed for lack of subject matter jurisdiction. 
In its unpublished opinion, the federal district court noted that, although Ratcliff had filed
an application to probate the will of Katie Ratcliff, the will had never been presented for
action in court. The court reasoned that until a court order admits the will to probate,
Katie Ratcliff did die intestate. Therefore, the court reasoned, the statement is true and
no defamation occurred. Ratcliff appealed to the Fifth Circuit. The appellate court ruled
in an unpublished opinion that Ratcliff had neither stated a cause of action for defamation
nor established that his complaint rests on a cognizable constitutional violation, and
dismissed the appeal as frivolous. When Ratcliff filed suit in state court, the defendants
filed a motion to dismiss due to issue preclusion arising from a dismissal of federal court
litigation over identical issues between the same parties. The defendants raised issue
preclusion in a motion for summary judgment. The motion for summary judgment also
moved for dismissal on the grounds that no defamation occurred as a matter of law. In
their motion, the defendants asserted that the plaintiff produced no evidence of publication
of a defamatory statement, and no evidence that the will had been admitted to probate at
the time of publication or that the statement caused damage to the plaintiff. Ratcliff moved
for summary judgment on liability. The trial court dismissed the suit with prejudice. 
Ratcliff presents seven issues in his appeal. 

 In issue one, the appellant contends that he properly invoked the trial court's
jurisdiction in his first supplemental petition. In his argument under this point of error,
Ratcliff contends that the district court and the county court maintain concurrent
jurisdiction to hear a suit such as the one that he filed, and that the trial court therefore
erred to the extent it relied upon jurisdictional grounds. Apparently, no action was ever
taken on the application for probate filed in the county court at law after Katie Ratcliff's
death in 1968. The appellant seems to argue that the district court has concurrent
jurisdiction with the probate court, but he fails to address the suit that the appellant himself
claims is "pending and viable" in the county court at law. At any rate, issue one has no
merit because the trial court did not dismiss Ratcliff's suit for lack of jurisdiction. Issue
one is overruled. 

 Issue two contends that the appellant was duly named executor of the estate of Katie
Ratcliff, and that the appellees somehow violated his civil rights by encroaching upon that
status through publication of the title report. In his argument under this point of error,
Ratcliff blames the failure to admit the will to probate upon racial prejudice of county
officials. Although he admits the will was not admitted for probate, Ratcliff asserts that
he was named executor. The appellant seems to argue that the appellees violated federal
civil rights statutes by publishing a title report that did not recognize Ratcliff's status as
executor. The federal district court held that Ratcliff's federal civil rights claims were
frivolous. On appeal, the Fifth Circuit ruled that Ratcliff had neither stated a cause of
action for defamation nor established that his complaint rests upon a cognizable violation,
and dismissed the appeal as frivolous. Thus, the federal civil rights claims were
adjudicated in federal court and cannot be re-litigated in state court. See Acree v. Air Line
Pilots Ass'n, 390 F.2d 199, 202-03 (5th Cir. 1968), cert. denied, 393 U.S. 852, 89 S.Ct.
88, 21 L.Ed.2d 122 (1968) (The dismissal of a federal suit is conclusive as to all matters
that were actually adjudged in determining that the court lacked jurisdiction.). Although
the federal court left the door open for the appellant to pursue a suit in state court, he
certainly cannot maintain a suit for violation of the federal civil rights statutes upon facts
that the federal court found did not support an action in federal court. 

 In the argument supporting his second issue, the appellant goes on to contend that
his motion for summary judgment established that Ratcliff was a licensed attorney in 1962.
Ratcliff attached documents to his motion to the effect that, although he was convicted of
felony theft in 1973 and disbarred in 1974, the criminal conviction was tainted by racial
prejudice in jury selection and his own incompetence when he represented himself in the
criminal trial. On appeal he argues the trial court should have accepted the affidavit he
offered in support of the plaintiff's motion for summary judgment. The "Affidavit of
Veracity" merely states that the facts recited in the body of the motion are true and correct.
Motions for summary judgment and responses to motions for summary judgment do not
constitute summary judgment evidence, even when verified. Nicholson v. Memorial Hosp.
Sys., 722 S.W.2d 746, 748-49 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). 
The assertions of fact contained in Ratcliff's motion and response are not summary
judgment evidence. Issue two is overruled.

 Issue three is presented as follows: "The initial encroachment by one or more
appellees, in conjunction with state officials, upon appellant's fiduciary function was
attributable to unconstitutional racial discrimination." The appellant appears to be arguing
that the officials operating the probate court mistreated African-Americans, and therefore
the appellees should have recognized the will of Katie Ratcliff in the title report and
recognized him as the executor of her estate, although the will has never been admitted to
probate. The civil rights statute to which he refers existed in 1968. See Act of April 5,
1967, 60th Leg., R.S., ch. 72, 1967 Tex. Gen. Laws 138, 139 (current version at Tex.
Civ. Prac. & Rem. Code Ann. §§ 106.001-.004 (Vernon 1997 & Supp. 2004)). There
is no evidence in the record that Ratcliff sought or obtained the injunctive relief available
in the statute. The appellant identifies the appellees as a title company, a title examiner,
and an attorney in private practice, not as state employees acting in an official capacity.
The statute relied upon in the brief does not support a cause of action against private
individuals. Furthermore, Ratcliff did not rely on the statute in the motions and responses
presented to the trial court, and may not do so now. See Tex. R. Civ. P. 166a(c) ("Issues
not expressly presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal."). Issue three is overruled. 

 Issue four contends as follows: "The character of the unconstitutional discrimination
against appellant regarding the subject fiduciary status did not change between the calendar
year 1968, following the death of testator, and the encroachment which transpired on the
14th day of December, 2000." Ratcliff appears to be arguing that laches should not bar
his complaints regarding discriminatory practices of the county court at law because he
continued to file documents to which the authorities failed to respond. The documents to
which he refers are unfiled copies of probate documents with dates in 1968 and 1969, 1969
tax statements, and a 1970 letter to the Trinity River Authority. The documents were not
filed at least seven days before the summary judgment hearing and the trial court denied
leave to submit the documents during the hearing. See Tex. R. App. P. 166a(c). That
ruling was within the trial court's discretion. Karen Corp. v. Burlington N. & Santa Fe
Ry. Co., 107 S.W.3d 118, 124 (Tex. App.--Fort Worth 2003, pet. denied). Issue four is
overruled. 

 Issue five merely states that the will was effectively executed by Katie Ratcliff and
timely filed for probate. The argument in the brief asserts that Ratcliff's petition describes
how he was injured by the appellees' "libel," that the summary judgment evidence
regarding the appellant's professional background supports a claim for over a million
dollars in damages, and that the damages should be trebled under the Deceptive Trade
Practices Act. A brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). 
The argument under this point of error bears no relation to the issue presented. Therefore,
the issue is inadequately briefed and presents nothing for review. Issue five is overruled.

 Issue six argues the evidence sufficiently supports the measure of damages proposed
by the plaintiff's pleadings, such that a denial of the plaintiff's motion for summary
judgment comprised an abuse of discretion. The plaintiff and the defendants filed cross-motions for summary judgment. As the plaintiff in a libel action, Ratcliff would be
entitled to summary judgment on the issue of liability only if the statement was defamatory
as a matter of law. See, e.g., Mustang Athletic Corp. v. Monroe, 137 S.W.3d 336, 338
(Tex. App.--Beaumont 2004, no pet. h.). Whether the words used are capable of a
defamatory meaning is a question of law. Musser v. Smith Protective Servs., Inc., 723
S.W.2d 653, 655 (Tex. 1987). The court construes the statement as a whole in light of
surrounding circumstances based upon how a person of ordinary intelligence would
perceive the entire statement. Id. If a statement is true, it cannot be defamatory. See
Tex. Civ. Prac. & Rem. Code Ann. § 73.005 (Vernon 1997). The statement need not
be true in every detail; substantial truth is sufficient to establish the defense. McIlvain v.
Jacobs, 794 S.W.2d 14, 15-16 (Tex. 1990). Deciding whether a published statement is
substantially true involves consideration of whether the alleged defamatory statement was
more damaging to the plaintiff's reputation, in the mind of the average listener, than a
truthful statement would have been. Id. at 16. In this case, Ratcliff contends that the
statement was not true because Katie Ratcliff did execute a will. In the context of a title
report, however, it must be recognized that no will is effectual for the purpose of proving
title to real property until such will has been admitted to probate. Tex. Prob. Code Ann.
§ 94 (Vernon 2003). Katie Ratcliff's will has not been admitted to probate; therefore it
is not effective for purposes of proving title to real estate. Because the statement was true
in its context, Ratcliff was not entitled to summary judgment for defamation, and the trial
court did not err in denying his motion. Issue six is overruled.

 Issue seven contends that the trial court erred in denying Ratcliff's request for a
continuance. We understand the motion for continuance to explain that Ratcliff had
anticipated obtaining a ruling on his motion for summary judgment and had not prepared
to address the cross-motion for summary judgment. The motion goes on to explain that
Ratcliff was attempting to secure other counsel on the case. When the trial court heard the
motion for continuance, Ratcliff explained that he wanted to revisit lawyers who had not
been convinced of the merits of his case before it was filed. Counsel for the defendants
noted that the case had been proceeding for almost three years, and the trial court denied
the motion. 

 On appeal, Ratcliff argues that the trial court erred in failing to grant the motion for
continuance after Ratcliff filed a motion to recuse the trial judge. The alleged grounds for
recusal were prejudice, bias, and "an unsolicited, unwarranted public announcement on
the 1st day of October, 2003, that Plaintiff Elijah W. Ratcliff is not qualified to be an
attorney. . . ." The motion to recuse was filed less than ten days before the hearing. A
motion to recuse must be filed at least ten days before the date is set for the hearing. Tex.
R. Civ. P. 18a(a). For the first time on appeal, Ratcliff contends that the trial judge was
disqualified to sit on the case. He articulates the following basis for disqualification: 

 Still further, it is proper to contemplate that the Court is a creature of
certain pecuniary interest in which the Presiding Judge has no other or
alternative function or assignment. In other words, a certain class of
litigants, inclusive of Appellees, sustains its existence by continued
submission exclusively of all cases from the given mental framework or bias. 
Without litigants of Appellees bias as discussed at length above being
channeled to the subject Court, there would be no court over which the
Presiding Judge below would be assigned. Without the subject class of
litigants, the Presiding Judge has no other docket or job. Hence, the
interest, bias and prejudice of the Presiding Judge of the subject litigation
class becomes glaringly obvious as being self-serving as well as self
sustaining. 


 We understand this argument to suggest that the judge's livelihood depends upon
litigation. If so, the argument is a particularly ironic one for a plaintiff to make, as he is
the one generating the litigation. This argument cannot reasonably be considered to
present grounds for disqualification under Tex. R. Civ. P. 18b(1). Issue seven is
overruled, and the judgment is affirmed.

 AFFIRMED.

 

 PER CURIAM



Submitted on August 30, 2004

Opinion Delivered August 31, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The appellant identified the persons referred to in the title report as his
grandparents.