COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-443-CR

 

 

MICHAEL LANCE BOLTON                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH
DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction

Appellant
Michael Lance Bolton appeals his twenty-year sentence for possession of less
than a gram of a controlled substance, which was enhanced to a second degree felony.  Appellant contends in two points that the
trial court erred in failing to suppress evidence of his possession of
methamphetamine and that the evidence is factually insufficient to support his
conviction.  We affirm.








Background
Facts

The
only evidence presented during the suppression hearing was the testimony of
Texas Department of Public Safety Officer Jim Hatfield and appellant.  On November 22, 2003, Officer Hatfield
testified that he stopped appellant for failing to wear a seatbelt.  Officer Hatfield had appellant exit his
truck and stand at the rear.  While
talking with appellant, Officer Hatfield noticed that he was nervous, his hands
were shaking, and a vein in his neck was pulsing.  Appellant put his hands in his pockets and Officer Hatfield asked
him to remove them.  When appellant did
so, Officer Hatfield could see the top of a cigarette box, but he did not see
any weapons. 

Officer
Hatfield testified that he asked appellant if he could look in his pockets and
in his truck, and appellant consented. 
During the search of appellant=s pockets, Officer Hatfield located a small, clear baggie
that contained a white rock-like substance in appellant=s right rear pocket.  Officer Hatfield then placed appellant under
arrest for possession of a controlled substance. After placing appellant under
arrest, Officer Hatfield continued to search appellant and found a white
syringe plunger cap in appellant=s front left pocket. Officer Randel Wilson, who was with
Officer Hatfield, then searched the truck. 
While searching the truck, Officer Wilson found an orange syringe cap in
the driver=s side door.








Appellant
testified that he consented to being patted down, but Officer Hatfield  initially did not find anything.  He further testified that Officer Hatfield
asked him if he could search his truck, and appellant consented.  Appellant testified that the officer found a
clear syringe cap during the search.  He
further testified that after Officer Hatfield searched the truck, he searched
appellant=s pockets a second time, which is
when Officer Hatfield discovered the drugs. Appellant contends that Officer
Hatfield did not have consent to search him a second time.  The trial court denied appellant=s motion to suppress.    

Motion
to Suppress








In
his first point, appellant argues that the trial court erred when it denied his
motion to suppress because a second search of his person was conducted without
a warrant and there was no reasonable suspicion to detain him beyond the scope
of the initial stop.  Specifically,
appellant argues that the second search of his person was impermissible because
he did not give his consent to be searched again, and no other exception to the
warrant requirement justified a second search of his person.  Therefore, appellant contends that the
second pat down by Officer Hatfield violated the Fourth Amendment of the United
States Constitution and Article 1, Section 9 of the Texas Constitution.  The State contends that Officer Hatfield
searched appellant only once, that appellant consented to both the search of
his person and his truck, and that there is no evidence that appellant was
coerced into giving consent or that his consent was involuntary. 

A.  Standard of Review








We
review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App.  2000); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997); State v. Ballman, 157 S.W.3d 65,
68 (Tex. App.CFort Worth 2004, pet. ref=d).  In reviewing the trial court=s decision, we do not engage in our own factual
review.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857,
861 (Tex. App.CFort Worth 2003, no pet.).  The trial judge is the sole trier of fact
and judge of the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999).  
Therefore, we give almost total deference to the trial court's rulings
on (1) questions of historical fact and (2) application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53
(Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62.  However, when the trial court=s rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court's
rulings on mixed questions of law and fact. 
Johnson, 68 S.W.3d at 652-53. 
When the trial court does not make explicit findings of historical
facts, as in the instant case, we review the evidence in the light most
favorable to the trial court=s ruling and assume the trial court made implicit findings of fact
supporting its ruling, so long as those findings are supported by the record.[2]  Carmouche, 10 S.W.3d at 327-28.  

In
determining whether a trial court=s decision is supported by the record, we generally
consider only evidence adduced at the suppression hearing because the ruling
was based on it rather than evidence introduced later.  Rachal v. State, 917 S.W.2d 799, 809
(Tex. Crim. App.), cert. denied, 619 U.S. 1043 (1996).  However, this general rule is inapplicable
when the suppression issue has been consensually relitigated by the parties
during trial on the merits; when the issue is relitigated, consideration of
relevant trial testimony is also appropriate in our review.   Id.  In this case, the issue was raised again at trial.  

B.  Consent to Search Appellant and his Truck








Appellant
argues that Officer Hatfield violated his federal and state constitutional
rights by searching him a second time. U.S.
Const. amend. IV; Tex. Const.
art. 1, ' 9.  The State asserts that appellant voluntarily consented to the
search.   

Consent
to search is one of the well-established exceptions to the constitutional
requirements of both a warrant and probable cause.  Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct.
2041, 2043-44 (1973); State v. Ibarra, 953 S.W.2d 242, 243 (Tex. Crim.
App. 1997).  AThe Fourth Amendment test for a
valid consent to search is that the consent be voluntary, and >[v]oluntariness is a question of
fact to be determined from all the circumstances.=@ Ohio v. Robinette, 519 U.S. 33, 40, 117 S.
Ct. 417, 421 (1996) (quoting Schneckloth, 412 U.S. at 248-49, 93 S. Ct.
at 2059).  In order to be valid, the
consent must Anot be coerced, by explicit or
implicit means, by implied threat or covert force.@ 
Schneckloth, 412 U.S. at 228, 93 S. Ct. at 2048; see also
Allridge v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991).  By the same token, consent is not
established by Ashowing no more than acquiescence
to a claim of lawful authority.@  Bumper v. N. Carolina,
391 U.S. 543, 549, 88 S. Ct. 1788, 1792 (1968).








Although
the federal constitution requires the State to prove the voluntariness of
consent by only a preponderance of the evidence, the Texas Constitution
requires the State to show by clear and convincing evidence that the consent
was freely given.  Ibarra, 953
S.W.2d at 245.  If the record supports a
finding by clear and convincing evidence that consent to a search was free and
voluntary, we will not disturb that finding. 
See Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990),
overruled on other grounds, Heitman v. State, 815 S.W.2d 681, 685
(Tex. Crim. App. 1991).

Here,
the State entered a videotape of the stop into evidence at trial, which
corroborates Officer Hatfield=s testimony that  appellant
consented to the officer=s searching of him and that after
obtaining appellant=s consent, Officer Hatfield
searched appellant only once and found the methamphetamine.  The videotape evidence does not support
appellant=s version of the events because it
shows that Officer Hatfield searched appellant only once after obtaining
appellant=s consent.

Further,
at the suppression hearing, appellant did not dispute that he had  consented to Officer Hatfield=s searching him.  Nor did appellant indicate that he felt
coerced or threatened by the officers. 
In addition, the videotape shows that Officer Hatfield and Officer
Wilson rarely conversed with appellant at the same time and that as the stop
continued, appellant appeared to become relaxed, even leaning on the back of
his truck.








After
careful scrutiny of the record, we hold that it supports a finding that
appellant voluntarily consented to the search of his person, and that the
officers did not exceed the scope of that consent.  See Levi v. State, 147 S.W.3d 541, 545 (Tex. App._Waco
2004, pet. ref=d); State v. Hunter, 102
S.W.3d 306, 311 (Tex. App._Fort Worth 2003, no pet.).  Because the evidence shows that appellant freely and voluntarily
consented to the search, we hold that the trial court did not err in denying
appellant=s motion to suppress.  Therefore, we overrule appellant=s first point.

Factual
Sufficiency of Evidence

A.  Standard of Review

In
his second point, appellant contends the evidence produced at trial is
factually insufficient to support his conviction.  In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring
neither party.  See Zuniga v. State,
144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is
whether, considering the evidence in a neutral light, the fact finder was
rationally justified in finding guilt beyond a reasonable doubt.  Id. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or
judgment, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the
contrary evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  Id. at 484-85. 








In
performing a factual sufficiency review, we are to give deference to the fact
finder=s determinations, including
determinations involving the credibility and demeanor of witnesses.  Id. at 481; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
We may not substitute our judgment for that of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A
proper factual sufficiency review requires an examination of all the
evidence.  Id. at 484,
486-87.  An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports appellant=s complaint on appeal. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Application

Citing
Rojas v. State,[3] appellant
contends that we may reverse for factual insufficiency when a verdict is
clearly wrong, manifestly unjust, shocks the conscience, or clearly
demonstrates bias.  In fact, appellant=s entire factual sufficiency
complaint is based solely upon this theory. 
He contends that because his consent was so limited in scope and the
officer=s basis for the stop_not wearing a
seatbelt_was so weak that the verdict is 
clearly wrong and unjust.  We
disagree because appellant misconstrues Rojas.  








A
verdict is clearly wrong and unjust only when the evidence contrary to the
verdict is so overwhelming as to be clearly wrong or unjust.  Id. at 247.  Appellant raises no true factual sufficiency complaint.  He does not direct us to any evidence he
contends is lacking regarding his commission of the offense.  Instead, he again challenges the propriety
of the stop and the search.  That
challenge has been addressed and overruled in the discussion of his first
point.  Without briefing, argument, and
analysis under this point, we must overrule appellant=s second point.  Tex.
R. App. P. 38.1(h); Karen Corp. v. Burlington N. & Santa Fe Ry.
Co., 107 S.W.3d 118, 125 (Tex. App.CFort Worth 2003, pet. denied). 

Conclusion

Having overruled appellant=s points, we affirm his
conviction.

 

 

PER CURIAM

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  October 20, 2005











[1]See Tex.
R. App. P. 47.4.





[2]Appellant did not request formal
findings of fact and conclusions of law, and there are none in the record.





[3]986 S.W.2d 241 (Tex. Crim. App.
1998).