

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-065-CV

IN RE SEVEN ENERGY, LLC,
WEATHERFORD INTERNATIONAL, LTD.,
AND WEATHERFORD INTERNATIONAL, INC.                    RELATORS

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

The court has considered relators' petition for writ of mandamus and is of the opinion that relief should be denied because relators failed to meet their burden of establishing that real party in interest's action meets the requirements of Texas Civil Practice and Remedies Code section 15.011 and that venue is proper in Houston County.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon 2002) (providing that "[a]ctions for recovery of real property or an estate or interest in real property . . . shall be brought in the county in which all or a part of the property is located"); *see In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 115, 119 (Tex. 2006) (holding that mandatory venue existed

---

[1] *See* TEX. R. APP. P. 47.4.

under section 15.011 because the plaintiff "us[ed] the declaratory judgment mechanism as an indirect means of quieting title"); *Smith v. Hall*, 147 Tex. 634, 637–38, 219 S.W.2d 441, 443–44 (1949) (holding that a suit for specific performance of a contract regarding royalty rights did not fall within the mandatory venue provision of section 15.011's predecessor); *Karen Corp. v. Burlington N. & Santa Fe Ry. Co.*, 107 S.W.3d 118, 127–28 (Tex. App.—Fort Worth 2003, pet. denied) (holding that section 15.011 did not apply where suit did not "affect[] the ownership or title to a tract of land" but was rather a contract dispute); *see also Cartwright v. Cologne Prod. Co.*, 182 S.W.3d 438, 448 (Tex. App.—Corpus Christi 2006, pet. denied) (stating that to show that venue is mandatory under section 15.011, venue proponent must prove that the realty at issue is located in the county where venue allegedly lies).

Accordingly, we deny relators' petition for writ of mandamus and vacate the stay order of February 27, 2008. Relators shall pay all costs of this original proceeding, for which let execution issue.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: March 24, 2008

2