COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-08-065-CV

 

IN RE SEVEN ENERGY, LLC, 

WEATHERFORD INTERNATIONAL, LTD.,

AND WEATHERFORD
INTERNATIONAL, INC.                             RELATORS

                                                                                                        

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------








The
court has considered relators=
petition for writ of mandamus and is of the opinion that relief should be
denied because relators failed to meet their burden of establishing that real
party in interest=s action meets the requirements
of Texas Civil Practice and Remedies Code section 15.011 and that venue is
proper in Houston County.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.011
(Vernon 2002) (providing that A[a]ctions
for recovery of real property or an estate or interest in real
property . . . shall be brought in the county in which all
or a part of the property is located@);
see In re Applied Chem. Magnesias Corp., 206 S.W.3d 114, 115, 119 (Tex.
2006) (holding that mandatory venue existed under section 15.011 because the
plaintiff Aus[ed] the declaratory judgment
mechanism as an indirect means of quieting title@); Smith
v. Hall, 147 Tex. 634, 637B38, 219
S.W.2d 441, 443B44 (1949) (holding that a suit
for specific performance of a contract regarding royalty rights did not fall
within the mandatory venue provision of section 15.011=s
predecessor); Karen Corp. v. Burlington N. & Santa Fe Ry. Co., 107
S.W.3d 118, 127B28 (Tex. App.CFort Worth
2003, pet. denied) (holding that section 15.011 did not apply where suit did
not Aaffect[]
the ownership or title to a tract of land@ but was
rather a contract dispute); see also Cartwright v. Cologne Prod. Co.,
182 S.W.3d 438, 448 (Tex. App.CCorpus
Christi 2006, pet. denied) (stating that to show that venue is mandatory under
section 15.011, venue proponent must prove that the realty at issue is located
in the county where venue allegedly lies).

Accordingly,
we deny relators= petition for writ of mandamus
and vacate the stay order of February 27, 2008. 
Relators shall pay all costs of this original proceeding, for which let
execution issue.

PER CURIAM

 

 

PANEL 
A:  CAYCE, C.J.; DAUPHINOT and
MCCOY, JJ. 

 

DELIVERED: 
March 24, 2008











    [1]See
Tex. R. App. P. 47.4.