

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00259-CV

_____

ROBIN E. PEMPSELL, Appellant

V.

MEGAN N. BIRT, Appellee

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-642296-18

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In this appeal, appellant Robin E. Pempsell challenges the trial court's issuance of a fifteen-year default protective order entered against her. In two narrow issues, Pempsell complains of trial court error related to the protective-order hearing and to the purported testimony of the applicant's attorney during the hearing on Pempsell's motion for new trial. Because Pempsell has inadequately briefed her first issue and has failed to preserve her second issue, we will affirm the trial court's order.

### II. BACKGROUND

On June 8, 2018, Meagan[1] N. Birt applied for an Article 7A protective order against Pempsell, her former mother-in-law, and alleged that Pempsell had engaged in stalking.[2] On June 14, 2018, Pempsell appeared pro se for the scheduled protective-order hearing and signed a document in which she acknowledged that she had been advised by the trial court of her right to employ an attorney to represent her presently or at a later time and declared that she would represent herself at the hearing.

---

[1]In the application for protective order as well as the protective order itself, Birt's first name is spelled "Meagan." At the hearing on the protective order, the reporter's record reflects the spelling as "Meagan." However, in various places in the record, including the notice of appeal, it is spelled "Megan."

[2]Unlike a family-violence protective order, an Article 7A protective order may be issued without regard to the relationship between the applicant and the alleged offender. *See* Tex. Fam. Code Ann. §§ 81.001, 82.002; Tex. Code Crim. Proc. Ann. art. 7A.01(a)(1).

According to Assistant Criminal District Attorney Cynthia Gustafson, who was pursuing the protective order on Birt's behalf, the trial court asked the parties to reschedule their hearing because of its full docket. Gustafson had a two-hour discussion with Pempsell regarding the options available to the parties. Although Gustafson and Pempsell later disagreed about the result of that discussion, Gustafson stated at the hearing on the motion for new trial that Pempsell "appeared to have a very good understanding that her decision to leave the courthouse and the proceedings would result in a final protective order being placed against [Pempsell] for a period of [fifteen] years" and that she would be unable to communicate with her grandchildren for the next fifteen years.[3]

Later that day, after Pempsell had left the courthouse, Gustafson secured the default protective order from another judge based on Birt's testimony. Pempsell subsequently filed a verified motion for new trial. At the hearing on the motion for new trial, while her attorney stated what Pempsell would testify to if called, Pempsell did not testify. The trial court denied the motion for new trial.

---

[3]Pempsell disputes the accuracy of Gustafson's factual representations set forth in her affidavit attached to Birt's response to Pempsell's motion for new trial. Because we dispose of Pempsell's issues on legal bases, we do not need to address these alleged discrepancies.

## III.  DISCUSSION

### A.  Sufficiency of the Evidence and Inadequate Briefing

Pempsell does not raise any broad issues claiming that the trial court erred in granting the default protective order or in failing to grant the motion for new trial. Rather, in her first issue, Pempsell contends that "[t]he trial court erred in issuing a permanent protective order without a hearing to determine 'whether there are reasonable grounds to believe that the applicant [Birt] is the victim of . . . stalking . . . [.]'"

In three paragraphs, Pempsell cites generally to one case and one code provision and then complains broadly of the lack of documentary evidence and of the use of leading questions at the protective-order hearing.  In the first paragraph, Pempsell notes that Article 7A.03 of the Code of Criminal Procedure "requires a certain level of evidence to support issuance of a protective order" and cites *Shoemaker v. State of Texas for the Protection of C.L.* in support of her assertion that "[o]n review, the Court of Appeals uses both legal and factual sufficiency standards."  493 S.W.3d 710, 715 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  In her second paragraph, Pempsell notes—without citation to authority—that "[u]nder a legal sufficiency standard, evidence is considered in the light most favorable to the prevailing party" and then complains that "the only such evidence" was Birt's testimony about Pempsell's uninvited attempts to see Birt's children.  Pempsell also complained that Birt failed to proffer "a Police report" or "any documentary evidence" to support her

protective-order application. In her third paragraph, Pempsell asserts that "[u]nder the Factual Sufficiency Challenge, this Court must 'examine all of the record evidence'" and cites to the single case referenced in the first paragraph. Pempsell argues, "There is no record evidence so that the appellee cannot bear the burden on appeal imposed by . . . *Shoemaker*[.]" *See Shoemaker*, 493 S.W.3d at 715. She also complains that during the protective-order hearing, Gustafson spoke for four minutes and asked Birt only leading questions. Pempsell concludes her issue by stating, "Litigation moves right along when one side convinces the other side to leave the courthouse."

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). An appellate brief must contain a clear and concise argument for the contentions made in the brief, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). An issue presented in a brief is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). However, an appellant's failure to cite legal authority or provide substantive analysis of a legal issue presented results in waiver of the appellant's complaint. *Flores v. James Wood Fin. LLC*, No. 02-13-00022-CV, 2013 WL 3064455, at *1 (Tex. App.—Fort Worth June 20, 2013, no pet.) (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing) and *Valadez*,

5

238 S.W.3d at 845). We have no duty to perform an independent review of the record and applicable law to determine whether the purported error of which a party complains occurred. *Karen Corp. v. Burlington N. & Santa Fe Ry. Co.*, 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied). Were we to do so, we would be forced to abandon our role as neutral adjudicators and become an advocate for that party. *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck) (citing *Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied)).

Chapter 7A of the Code of Criminal Procedure authorizes a person to seek a protective order if, among other things, the person is the victim of stalking. *See* Tex. Code Crim. Proc. Ann. art. 7A.01(a)(1); Tex. Penal Code Ann. § 42.07, .072. As relevant to this case, a person commits the offense of stalking if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that:

> (1) constitutes an offense under [Penal Code] section 42.07 [Harassment] . . . ;
>
> (2) causes the other person . . . to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and
>
> (3) would cause a reasonable person to:
>
> . . .
>
> > (D) feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.

6

Tex. Penal Code Ann. § 42.07(a), .072(a). If, after a hearing, the trial court finds reasonable grounds to believe that an applicant is the victim of stalking, it "shall issue a protective order that includes a statement of the required findings." Tex. Code Crim. Proc. Ann. art. 7A.03(a)–(b).

In her brief, Pempsell provides no examination of the relevant law—Articles 7A.01(a)(1) and 7A.03(a)–(b) of the Code of Criminal Procedure and Sections 42.07(a) and 42.072(a) of the Penal Code—nor analyzes how or whether the evidence before the trial court was legally or factually insufficient to present reasonable grounds for the trial court to believe that Birt was a victim of stalking. Tex. Code Crim. Proc. Ann. arts. 7A.01(a)(1), .03(a)–(b); Tex. Penal Code Ann. § 42.07, .072. Because Pempsell provides no substantive analysis in support of her issue, it is inadequately briefed, presents nothing for our review, and is waived. *Flores*, 2013 WL 3064455, at *1; *Valadez*, 238 S.W.3d at 845. Accordingly, we overrule Pempsell's first issue.

## B. Rule 3.08 Complaint and Preservation

In her second issue, Pempsell contends that the trial court erred during the hearing on her motion for new trial when it allowed Gustafson "to testify" unchallenged and at length "in violation of the ethical [r]ule against trial counsel testifying as a witness, thus justifying a new trial."[4] Pempsell suggests that Gustafson

---

[4]Although Pempsell complains of Gustafson's "testimony" during the hearing, Gustafson was not sworn as a witness, but she did make numerous statements without objection. After Pempsell's counsel concluded his initial arguments at the hearing, Gustafson asked, "May I make my response?" With the trial court's

7

violated Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.08, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A.

Birt contends that Pempsell has not preserved her Rule 3.08 complaint in accordance with Rule 33.1. *See* Tex. R. App. P. 33.1. We agree.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must also get a ruling—either express or implied—from the trial court. Tex. R. App. P. 33.1(a)(2)(A), (b); *see Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002). If the trial court refuses to rule, the party preserves error by objecting to that refusal. Tex. R. App. P. 33.1(a)(2)(B). If the trial court does not rule and the party does not object to the refusal to rule, error is not preserved. *Id.*

Because Pempsell did not make an objection in the trial court on the basis of Rule 3.08, her second issue is not preserved. *See Anderson Producing Inc. v. Koch Oil Co.*,

---

permission, and in the absence of any objection, Gustafson responded. "Normally, an attorney's statements must be under oath to be considered evidence." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). However, the opponent of the testimony can waive the oath required by failing to object when the opponent knows or should know that an objection is necessary. *Id.*

929 S.W.2d 416, 423 (Tex. 1996) (holding that because party did not object at trial based on Rule 3.08, party waived complaint on appeal). Accordingly, we overrule Pempsell's second issue.

## IV. CONCLUSION

Having overruled both of Pempsell's issues on appeal, we affirm the trial court's order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 31, 2019