BOLTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-443-CR

MICHAEL LANCE BOLTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Michael Lance Bolton appeals his twenty-year sentence for possession of less than a gram of a controlled substance, which was enhanced to a second degree felony.  Appellant contends in two points that the trial court erred in failing to suppress evidence of his possession of methamphetamine and that the evidence is factually insufficient to support his conviction.  We affirm.

Background Facts

The only evidence presented during the suppression hearing was the testimony of Texas Department of Public Safety Officer Jim Hatfield and appellant.  On November 22, 2003, Officer Hatfield testified that he stopped appellant for failing to wear a seatbelt.  Officer Hatfield had appellant exit his truck and stand at the rear.  While talking with appellant, Officer Hatfield noticed that he was nervous, his hands were shaking, and a vein in his neck was pulsing.  Appellant put his hands in his pockets and Officer Hatfield asked him to remove them.  When appellant did so, Officer Hatfield could see the top of a cigarette box, but he did not see any weapons. 

Officer Hatfield testified that he asked appellant if he could look in his pockets and in his truck
, 
and appellant consented.  During the search of appellant’s pockets, Officer Hatfield located a small, clear baggie that contained a white rock-like substance in appellant’s right rear pocket.  Officer Hatfield then placed appellant under arrest for possession of a controlled substance. After placing appellant under arrest, Officer Hatfield continued to search appellant and found a white syringe plunger cap in appellant’s front left pocket. Officer Randel Wilson, who was with Officer Hatfield, then searched the truck.  While searching the truck, Officer Wilson found an orange syringe cap in the driver’s side door.

Appellant testified that he consented to being patted down, but Officer Hatfield  initially did not find anything.  He further testified that Officer Hatfield asked him if he could search his truck, and appellant consented.  Appellant testified that the officer found a clear syringe cap during the search.  He further testified that after Officer Hatfield searched the truck, he searched appellant’s pockets a second time, which is when Officer Hatfield discovered the drugs. Appellant contends that Officer Hatfield did not have consent to search him a second time.  The trial court denied appellant’s motion to suppress.    

Motion to Suppress

In his first point, appellant argues that the trial court erred when it denied his motion to suppress because a second search of his person was conducted without a warrant and there was no reasonable suspicion to detain him beyond the scope of the initial stop.  Specifically, appellant argues that the second search of his person was impermissible because he did not give his consent to be searched again, and no other exception to the warrant requirement justified a second search of his person.  Therefore, appellant contends that the second pat down by Officer Hatfield violated the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution.  
The State contends that Officer Hatfield searched appellant only once, that appellant consented to both the search of his person and his truck, and that there is no evidence that appellant was coerced into giving consent or that his consent was involuntary. 

A.  Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App.  2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).   Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53.  When the trial court does not make explicit findings of historical facts, as in the instant case, we review the evidence in the light most favorable to the trial court’s ruling and assume the trial court made implicit findings of fact supporting its ruling, so long as those findings are supported by the record.
(footnote: 2)  
Carmouche
, 10 S.W.3d at 327-28.
  

In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 619 U.S. 1043 (1996).  However, this general rule is inapplicable when the suppression issue has been consensually relitigated by the parties during trial on the merits; when the issue is relitigated, consideration of relevant trial testimony is also appropriate in our review.   
Id. 
 In this case, the issue was raised again at trial.  

B.  Consent to Search Appellant and his Truck

Appellant argues that Officer Hatfield violated his federal and state constitutional rights by searching him a second time. 
U.S. Const
. amend. IV; 
Tex. Const.
 art. 1, § 9.  The State asserts that appellant voluntarily consented to the search.   

Consent to search is one of the well-established exceptions to the constitutional requirements of both a warrant and probable cause.  
Schneckloth v. Bustamonte
, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973); 
State v. Ibarra
, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997).  “The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and ‘[v]oluntariness is a question of fact to be determined from all the circumstances.’” 
Ohio v. Robinette
, 519 U.S. 33, 40, 117 S. Ct. 417, 421 (1996) (quoting 
Schneckloth
, 412 U.S. at 248-49, 93 S. Ct. at 2059).  In order to be valid, the consent must “not be coerced, by explicit or implicit means, by implied threat or covert force.”  
Schneckloth
, 412 U.S. at 228, 93 S. Ct. at 2048; 
see also Allridge v. State
, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991).  By the same token, consent is not established by “showing no more than acquiescence to a claim of lawful authority.”  
Bumper v. N. Carolina
, 391 U.S. 543, 549, 88 S. Ct. 1788, 1792 (1968).

Although the federal constitution requires the State to prove the voluntariness of consent by only a preponderance of the evidence, the Texas Constitution requires the State to show by clear and convincing evidence that the consent was freely given.  
Ibarra
, 953 S.W.2d at 245.  If the record supports a finding by clear and convincing evidence that consent to a search was free and voluntary, we will not disturb that finding.  
See Johnson v. State
, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990), 
overruled on other grounds
, 
Heitman v. State
, 815 S.W.2d 681, 685 (Tex. Crim. App. 1991).

Here, the State entered a videotape of the stop into evidence at trial, which corroborates Officer Hatfield’s testimony that  appellant consented to the officer’s searching of him and that after obtaining appellant’s consent, Officer Hatfield searched appellant only once and found the methamphetamine.  The videotape evidence does not support appellant’s version of the events because it shows that Officer Hatfield searched appellant only once after obtaining appellant’s consent.

Further, at the suppression hearing, appellant did not dispute that he had  consented to Officer Hatfield’s searching him.  Nor did appellant indicate that he felt coerced or threatened by the officers.  In addition, the videotape shows that Officer Hatfield and Officer Wilson rarely conversed with appellant at the same time and that as the stop continued, appellant appeared to become relaxed, even leaning on the back of his truck.

After careful scrutiny of the record, we hold that it supports a finding that appellant voluntarily consented to the search of his person, and that the officers did not exceed the scope of that consent.  
See Levi v. State
, 147 S.W.3d 541, 545 (Tex. App.སྭWaco 2004, pet. ref’d); 
State v. Hunter, 
102 S.W.3d 306, 311 (Tex. App.སྭFort Worth 2003, no pet.).  Because the evidence shows that appellant freely and voluntarily consented to the search, we hold that the trial court did not err in denying appellant’s motion to suppress.  Therefore, we overrule appellant’s first point.

Factual Sufficiency of Evidence

A.  Standard of Review

In his second point, appellant contends the evidence produced at trial is factually insufficient to support his conviction.  In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Application

Citing
 Rojas v. State,
(footnote: 3) 
appellant contends that we may reverse for factual insufficiency when a verdict is clearly wrong, manifestly unjust, shocks the conscience, or clearly demonstrates bias.
  In fact, appellant’s entire factual sufficiency complaint is based solely upon this theory.  He contends that because his consent was so limited in scope and the officer’s basis for the stopསྭnot wearing a seatbeltསྭwas so weak that the verdict is  clearly wrong and unjust.  We disagree because appellant misconstrues 
Rojas
.  

A verdict is clearly wrong and unjust only when the evidence contrary to the verdict is so overwhelming as to be clearly wrong or unjust.  
Id.
 at 247.  
Appellant raises no true factual sufficiency complaint. 
 He does not direct us to any evidence he contends is lacking regarding his commission of the offense.  Instead, he again challenges the propriety of the stop and the search.  That challenge has been addressed and overruled in the discussion of his first point.  Without briefing, argument, and analysis under this point, we must overrule appellant’s second point.  
Tex. R. App. P.
 38.1(h); 
Karen Corp. v. Burlington N. & Santa Fe Ry
. 
Co.,
 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied). 

Conclusion

Having overruled appellant’s points, we affirm his conviction.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 20, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Appellant did not request formal findings of fact and conclusions of law, and there are none in the record.

3:
986 S.W.2d 241 (Tex. Crim. App. 1998).