NO. 07-01-0472-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 7, 2003

_____

LEONE PLUMMER,

Appellant

v.

CHARLENE REEVES,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 37,940-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before JOHNSON, CJ., QUINN, J., and BOYD, SJ.[1]

Appellant Dr. Leone Plummer (Plummer) acting *pro se* has filed (for the third time) a brief in this matter which does not comply with the Rules of Appellate Procedure. For the reasons expressed, we dismiss the appeal.

Dr. Plummer's brief was originally due to be filed on October 18, 2002. On November 4, 2002, her husband, Dennis wrote a letter stating that he was representing his wife and requested an extension of time to file her brief. He also represented that the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

doctor was in bankruptcy. In response, this court requested by letter dated November 13, 2002, that Plummer provide proof of a bankruptcy proceeding within ten days and proof that Dennis Plummer was a licensed attorney with a State Bar of Texas identification number. Without providing the requested information, appellant filed on November 25, 2002, what purported to be her "Appeals Brief" which was signed by Dennis Plummer. By letter dated November 25, 2002, this court struck the brief because there was no showing that Dennis Plummer was a licensed attorney and ordered that Plummer file a brief by December 9, 2002. We also warned her that the failure to so file a brief would result in dismissal for want of prosecution.

Dr. Plummer filed her brief by the required date, but it failed to comply with the Rules of Appellate Procedure in numerous respects (e.g., no identity of parties and counsel, no table of contents, no index of authorities, no statement of the case, no summary of the argument, no citations to legal authority or the record, and no appendix). She was then advised by document dated December 13, 2002, that she should file a brief in compliance with Rule of Appellate Procedure 38.1 and any other applicable rules by December 27, 2002, or the appeal would be dismissed. On December 27, appellant filed her third brief. However, it still failed to comply with the Rules of Appellate Procedure in that it contained only sporadic citation to the record (despite her lengthy allusions to purported facts appearing of record) and no citation to any legal authority to support her ten issues. *See* TEX. R. APP. P. 38.1(h). That she knew of her duty to cite to legal authority is exemplified by her statement in her brief that she cited to none because "[s]he is not an attorney and is not trained as an attorney." Why she was unable to visit the

2

Potter County Law Library and conduct research on her own, as do other lay people, goes unexplained. Similarly unexplained is whether the doctor lacked the physical or educational ability to read, understand indexes and tables of content, or otherwise conduct research on her own behalf. Simply stating that one opts to forego researching the law because he is not an attorney is unacceptable, especially when 1) that person has an education, 2) that person illustrates no effort to discover or obtain pertinent authority, and 3) the law is one of the most indexed bodies of writing in existence.

A point of error unsupported by citation of any legal authority presents nothing for the court to review. *Marsh v. Wallace,* 924 S.W.2d 423, 425 (Tex. App.—Austin 1996, no writ); *Richard v. Cornerstone Constructors, Inc.,* 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Further, *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). Next, upon flagrant violation of the briefing rules and the litigant's tender of a second non-conforming brief, we may strike the brief, prohibit the party from filing another, and proceed as if the party failed to file a brief. TEX. R. APP. P. 38.9(a). And, if an appellant fails to timely file a brief, the appeal may be dismissed for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

Finally, as judges, we are to be neutral and unbiased adjudicators of the dispute before us. Our being placed in the position of conducting research to find authority supporting legal propositions uttered by a litigant when the litigant has opted not to search

3

for same runs afoul of that ideal, however. Under that circumstance, we are no longer unbiased, but rather become an advocate for the party.

Our having thrice given Dr. Plummer opportunity to comply with the briefing requirements of the Texas Rules of Appellate Procedure, our having warned her at least twice about the consequence of her failing to comply, her having thrice failed to tender a brief that complies with those rules while recognizing her obligation under those rules, and her having failed to reasonably explain why she chose not to comply, we hereby dismiss the appeal for want of prosecution.


Per Curiam