# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00738-CV

**Michele Burleson, Appellant**

**v.**

**Cook Sales, Inc., an Illinois Corporation, Qualified to Do Business in Texas as
Cook Portable Warehouses, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
NO. 02-0224-CC2, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A D U M   O P I N I O N

This is an appeal from a judgment granted to Cook Sales, Inc. d/b/a Cook Portable Warehouses against Michele Burleson to recover under a portable warehouse lease-purchase agreement and to regain possession of a portable warehouse. Burleson defended herself in the trial court and continues to represent herself on appeal. The judgment awards Cook $3,535.21 for Burleson's breach of the lease, as well as $2,500.00 of attorney's fees, plus court costs and post-judgment interest. It also declares that Cook is entitled to possession of the portable warehouse in issue. A clerk's and a reporter's records were filed. Burleson filed a five-page brief in which she requests that the judgment be overturned for five delineated "reasons." The brief fails in many

respects to conform to the briefing rules and presents little for review.[1] Nevertheless, we have carefully reviewed the record and are convinced that, based on the record before the trial court, Cook was entitled to judgment. Consequently, we will affirm the judgment of the trial court.

## DISCUSSION

Despite Burleson's waivers on appeal, we have considered her "reasons" for reversal and reviewed the appellate record. The matters complained about by Burleson are either not established in the record or do not constitute matters that would cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a).

Burleson complains in reasons one and two that after the first trial setting was postponed, Cook's counsel approached her in the hallway and told her to retain counsel, and

> he said he could work with me and Mr. Cook, his client, to reach a settlement. [Cook's counsel] went back into the courtroom and asked the Judge to reset the hearing to give us time to reach a settlement. . . . 2 weeks later I received notice to return to Court. . . . I repeatedly called [Cook's counsel] . . . , but he would never talk to me nor return my calls. [Reason #2] I appeared in Court to tell the judge that [Cook's counsel] had advised me that I did not need to hire an attorney because . . . Mr. Cook wanted to reach a settlement. But in fact they had no intention of any such thing.

---

[1] The brief filed by Burleson does not contain a title page, list of parties and counsel, table of contents, list of authorities, statement of the case, statement of facts, issues presented, authorities, prayer, or an appendix. *See* Tex. R. App. P. 38.1(a), (b), (c), (d), (e), (f), (g), (h), (i), and (j). An appellate issue or point of error unsupported by citation of legal authority presents nothing for review. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Marsh v. Wallace*, 924 S.W.2d 423, 425 (Tex. App.—Austin 1996, no writ). Failing to present applicable authority waives any error on appeal. Failure to provide record references waives appellate review. *Helle v. Hightower*, 735 S.W.2d 650, 654 (Tex. App.—Austin 1987, writ denied).

Her third reason complains that Cook's counsel knew that Burleson had been ill and "saw an opportunity to take advantage" of her. At trial, Burleson admitted that she had been told that she should hire counsel and she admitted that she did not. Her adversary was under no obligation to settle with her. Her complaints present nothing that constitutes reviewable error.

Burleson's fourth reason for reversal argues that on January 9, 2001 she called Cook's office and requested the pay-off amount of the lease, and that this action transformed the lease into a purchase. She argues that Cook "should not have been able to bring suit against me under a lease agreement . . . [a]nd we should have only dealt with transactions on or before January 9, 2001." We interpret her argument to be that on January 9 she was quoted an amount that would pay off the entire price of the portable warehouse, which she paid. Instead, the owner of Cook testified that the amount quoted was actually the amount of rental payments that Burleson was in arrears at the time. Burleson argues that because she believes that she was quoted the pay-off amount, Cook's recovery should be limited to that amount. On cross-examination, Burleson admitted that the lease was a lease-purchase agreement. She did not dispute that she failed to pay the amounts due under the agreement. She does not present any legal authority to support her position that a statement made to her over the telephone by a Cook employee is enforceable over a binding written agreement.

Finally, Burleson complains in her fifth reason that on May 25, 2001, she called Cook and was given a pay-off balance which, after offsets, was $514.78. As support for her position, she sets forth in her brief her version of the amortization of her account under the lease. This document was not introduced into evidence; therefore, we cannot consider it. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292-93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (attachment of documents to

3

brief is not formal inclusion in record and document cannot be considered on appeal); *Carlisle v.*

*Philip Morris*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (same).

## CONCLUSION

For the reasons set forth above, Burleson's grounds for reversal are overruled.  The

judgment of the county court at law is affirmed.

_____

Mack Kidd, Justice

Before: Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   November 20, 2003

4