TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00738-CV






Michele Burleson, Appellant



v.



Cook Sales, Inc., an Illinois Corporation, Qualified to Do Business in Texas as


Cook Portable Warehouses, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 02-0224-CC2, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING





M E M O R A D U M O P I N I O N




 This is an appeal from a judgment granted to Cook Sales, Inc. d/b/a Cook Portable
Warehouses against Michele Burleson to recover under a portable warehouse lease-purchase
agreement and to regain possession of a portable warehouse. Burleson defended herself in the trial
court and continues to represent herself on appeal. The judgment awards Cook $3,535.21 for
Burleson's breach of the lease, as well as $2,500.00 of attorney's fees, plus court costs and post-judgment interest. It also declares that Cook is entitled to possession of the portable warehouse in
issue. A clerk's and a reporter's records were filed. Burleson filed a five-page brief in which she
requests that the judgment be overturned for five delineated "reasons." The brief fails in many
respects to conform to the briefing rules and presents little for review. (1) Nevertheless, we have
carefully reviewed the record and are convinced that, based on the record before the trial court, Cook
was entitled to judgment. Consequently, we will affirm the judgment of the trial court.


DISCUSSION


 Despite Burleson's waivers on appeal, we have considered her "reasons" for reversal
and reviewed the appellate record. The matters complained about by Burleson are either not
established in the record or do not constitute matters that would cause the rendition of an improper
judgment. See Tex. R. App. P. 44.1(a).

 Burleson complains in reasons one and two that after the first trial setting was
postponed, Cook's counsel approached her in the hallway and told her to retain counsel, and 


he said he could work with me and Mr. Cook, his client, to reach a settlement.
[Cook's counsel] went back into the courtroom and asked the Judge to reset the
hearing to give us time to reach a settlement. . . . 2 weeks later I received notice to
return to Court. . . . I repeatedly called [Cook's counsel] . . . , but he would never
talk to me nor return my calls. [Reason #2] I appeared in Court to tell the judge that
[Cook's counsel] had advised me that I did not need to hire an attorney because . . .
Mr. Cook wanted to reach a settlement. But in fact they had no intention of any such
thing.


Her third reason complains that Cook's counsel knew that Burleson had been ill and "saw an
opportunity to take advantage" of her. At trial, Burleson admitted that she had been told that she
should hire counsel and she admitted that she did not. Her adversary was under no obligation to
settle with her. Her complaints present nothing that constitutes reviewable error.

 Burleson's fourth reason for reversal argues that on January 9, 2001 she called Cook's
office and requested the pay-off amount of the lease, and that this action transformed the lease into
a purchase. She argues that Cook "should not have been able to bring suit against me under a lease
agreement . . . [a]nd we should have only dealt with transactions on or before January 9, 2001." We
interpret her argument to be that on January 9 she was quoted an amount that would pay off the
entire price of the portable warehouse, which she paid. Instead, the owner of Cook testified that the
amount quoted was actually the amount of rental payments that Burleson was in arrears at the time. 
Burleson argues that because she believes that she was quoted the pay-off amount, Cook's recovery
should be limited to that amount. On cross-examination, Burleson admitted that the lease was a
lease-purchase agreement. She did not dispute that she failed to pay the amounts due under the
agreement. She does not present any legal authority to support her position that a statement made
to her over the telephone by a Cook employee is enforceable over a binding written agreement. 

 Finally, Burleson complains in her fifth reason that on May 25, 2001, she called Cook
and was given a pay-off balance which, after offsets, was $514.78. As support for her position, she
sets forth in her brief her version of the amortization of her account under the lease. This document
was not introduced into evidence; therefore, we cannot consider it. Nguyen v. Intertex, Inc., 93
S.W.3d 288, 292-93 (Tex. App.--Houston [14th Dist.] 2002, no pet.) (attachment of documents to
brief is not formal inclusion in record and document cannot be considered on appeal); Carlisle v.
Philip Morris, 805 S.W.2d 498, 501 (Tex. App.--Austin 1991, writ denied) (same).


CONCLUSION


 For the reasons set forth above, Burleson's grounds for reversal are overruled. The
judgment of the county court at law is affirmed.



 

 Mack Kidd, Justice

Before: Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: November 20, 2003

1. The brief filed by Burleson does not contain a title page, list of parties and counsel, table
of contents, list of authorities, statement of the case, statement of facts, issues presented, authorities,
prayer, or an appendix. See Tex. R. App. P. 38.1(a), (b), (c), (d), (e), (f), (g), (h), (i), and (j). An
appellate issue or point of error unsupported by citation of legal authority presents nothing for
review. Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.--Amarillo 2003, pet. denied); Marsh
v. Wallace, 924 S.W.2d 423, 425 (Tex. App.--Austin 1996, no writ). Failing to present applicable
authority waives any error on appeal. Failure to provide record references waives appellate review. 
Helle v. Hightower, 735 S.W.2d 650, 654 (Tex. App.--Austin 1987, writ denied).