

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00220-CV

**BILLY BETTS,**

**Appellant**

 **v.**

**COUNTY OF FREESTONE,**

**Appellee**

### From the 87th District Court
### Freestone County, Texas
### Trial Court No. 07-181B

## MEMORANDUM  OPINION

Freestone County filed suit for delinquent property taxes and sought foreclosure on the tax lien against the property. Betts family members who may have had an interest in the property were cited and/or served, and an attorney ad litem was appointed for those who did not answer or appear. After a trial, judgment for the taxing authorities was entered against only the property interest of five Betts family members, including Appellant Billy Betts.

Billy, who is pro se, filed a notice of appeal, and this appeal is decided on the

clerk's record alone because a reporter's record was not requested. Billy filed what appears to be a one-page letter that complains that he was told not to appear for trial. The Court notified Billy that it was unable to determine if the letter was to serve as his brief and that if he did not notify the Court otherwise within fourteen days, the Court would treat the letter as his brief. Billy did not timely respond.

About six weeks later, Billy sent a letter stating, "I am sorry about the brief but I would like an extension." The Court notified Billy that it did not understand the purpose of his letter and that if he was seeking relief from the Court on a matter relating to this case, he must file a document clearly stating its purpose and the nature of the relief sought within fourteen days, or his request would be denied. Billy did not respond. Accordingly, we will treat Billy's first letter as his brief.

> Initially, we must note that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Clemens v. Allen,* 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.) (citing *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978)). On appeal, as at trial, the pro se appellant must properly present its case. *Id.; Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Karen Corp. v. Burlington Northern,* 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied).

> The rules of appellate procedure require appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Birnbaum v. Law Offices of G. David Westfall,* 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. filed); *Plummer,* 93 S.W.3d at 931. Similarly, we cannot speculate as to the substance of the specific issues appellant claims we must address. *See Plummer,* 93 S.W.3d at 931. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Karen Corp.,* 107 S.W.3d at 125; *Harkins v. Dever Nursing Home,* 999 S.W.2d 571, 573 (Tex. App.—Houston

[14th Dist.] 1999, no pet.).

*Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet.

denied).

> The Texas Rules of Appellate Procedure require an appellant's brief to concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *See Maddox*, 135 S.W.3d at 163-64. Appellant's brief must also contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX. R. APP. P. 38.1(h). This requirement is not satisfied by conclusory statements, unsupported by legal citations. *Sweed*, 195 S.W.3d at 786. Failure to cite legal authority or provide substantive analysis of an issue waives the complaint. *See Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex. App.—El Paso 1997, no writ).

*Taylor v. Meador*, 326 S.W.3d 682, 684 (Tex. App.—El Paso 2010, no pet.).

Billy's letter brief is woefully deficient in every aspect discussed above. It provides no issues, no argument, no authorities, and makes no citation to the record. *See Strange*, 126 S.W.3d at 678. Furthermore, without a reporter's record of the trial, we cannot evaluate Billy's letter brief. Adequate briefing and a complete record relevant to the issues are minimally required for us to review the proceedings below. *Id.* Nothing is presented for our review. *See id.* Accordingly, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 22, 2011
[CV06]