

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00022-CV

EUGENE FLORES                                      APPELLANT

V.

JAMES WOOD FINANCE LLC                       APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

### MEMORANDUM OPINION[1]

----------

In six issues, Appellant Eugene Flores challenges the trial court's judgment ordering that he take nothing on his claims against Appellee James Wood Finance, LLC (Finance). Because we hold that Flores waived each of his issues because of inadequate briefing, we affirm the trial court's judgment.

In 2009, Flores entered into a motor vehicle retail installment sales contract with Finance for the purchase of a 2002 Chevy Tahoe. The agreement

---

[1]See Tex. R. App. P. 47.4.

called for Flores to make monthly payments of $390.00. Finance repossessed the Tahoe for nonpayment.

Flores sued Finance in the justice of the peace court in Denton County for breach of contract, unjust enrichment, and trespass to real property, and seeking damages and rescission of the sales contract. A jury found that Flores should take nothing on his claims, and the judge signed a judgment to that effect.

Flores appealed to the county court, where he reasserted the same claims and added a Deceptive Trade Practice Act[2] claim and a claim for fraud by non-disclosure. Finance filed an answer asserting various affirmative defenses, including that Flores's trespass claim failed because by contract he consented to Finance's entry onto his property and that his DTPA and fraud claims failed because, among other grounds, he did not plead them in the justice court.

After a hearing, the trial court signed a judgment finding that Flores had not established his claims by a preponderance of evidence and ordering that Flores take nothing on his claims. Flores now appeals.

Flores's first issue asks whether the trial court abused its discretion "when it failed to acknowledge the Tort Committed when [Finance] employees entered [Flores's property and] removed the chain and locks off the fence and took it with them (steal)." Flores's brief asserts that Finance employees committed a tort by removing a lock and chain on a gate in order to take possession of the Tahoe.

---

[2]Tex. Bus. & Com. Code Ann. §§ 17.41–.63 (West 2011 & Supp. 2012).

Finance asserted in the trial court that Flores had consented to its entry onto Flores's property because the sales contract provided that it could repossess the vehicle upon default. The sales contract does contain such a provision. Flores does not provide any argument in his brief explaining what tort was committed or why the trial court abused its discretion or addressing the contract provision relied on by Finance. He points to no authority that he contends supports any argument related to this issue.

An appellate brief must contain a clear and concise argument for the contentions made in the brief, with appropriate citations to authorities and to the record.[3] An appellant's failure to cite legal authority or provide substantive analysis of a legal issue presented results in waiver of the appellant's complaint.[4]

We liberally construe both the rules of appellate procedure and the briefs of pro se parties.[5] But we may not speculate as to the substance of the specific issues asserted by an appellant.[6] We may not make a party's arguments for

---

[3]Tex. R. App. P. 38.1.

[4]*Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

[5]Tex. R. App. P. 38.9; *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (reiterating that courts of appeals should construe appellate procedural rules reasonably yet liberally).

[6]*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

him.[7]  And we may not perform an independent review of the record and the law to determine if the trial court erred.[8]  And while we realize that Flores appears before this court without the assistance of counsel, pro se litigants must follow the same procedural rules as licensed attorneys.[9]  We hold that Flores has waived this issue by inadequately briefing it.

Furthermore, to the extent that Flores makes any argument related to a claim for theft of a chain and lock, he did not assert any such claim in the trial court.  He did assert that Finance representatives stole his chain and lock in the justice court, but he did not base any cause of action on that act, and he did not allege any theft of a chain or lock in his pleadings in the trial court.[10]  We overrule Flores's first issue.

In Flores's second issue, he asks whether the trial court abused its discretion "when it acknowledged [Finance's] [s]pecial [e]xception that was not on the docket."  In Flores's third issue, he asserts that the trial court abused its discretion by denying Flores's DTPA action because civil procedure rule 574a

---

[7]*Valdez*, 238 S.W.3d at 845.

[8]*Id.*; *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied).

[9]*Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (stating that "[l]itigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel").

[10]*See* Tex. R. App. P. 33.1 (stating that before a complaint may be raised on appeal, it must have been made to the trial court).

4

allows new matters to be introduced at a trial de novo. In his fifth issue, he asserts that the trial court "abused its discretion in favor[ing] [Finance's] motion for [s]pecial [e]xception, when [it] [w]as not on the docket to be considered."

Finance filed special exceptions asking the trial court to strike Flores's DTPA and fraud claims on the ground that they had not been raised in the justice court.[11] These added claims were based on alleged misrepresentations by Finance and a failure by Finance to disclose material facts and were not based on Finance's repossession of the Tahoe or its refusal to accept a partial payment on the contract, the acts upon which Flores's justice court claims were based. The trial court considered the motion on the day of trial immediately prior to the start of the trial. The court acknowledged that the motion had not been set for a hearing but concluded that it could consider the motion because the grounds of the motion were jurisdictional. The court sustained Finance's objections and struck the claims.

Flores makes no argument in his brief and cites no authority as to why the trial court could not consider the special exceptions on the day of trial or why it abused its discretion by striking the fraud and DTPA claims. To the extent that he argues that his DTPA and fraud claims were not new grounds of recovery, he

---

[11]*See* Tex. R. Civ. P. 574a (providing that in an appeal from a justice court to a county or district court, a plaintiff may not plead a new ground of recovery).

does not explain the basis of this argument and cites to nothing in the record in support. Accordingly, we overrule Flores's fifth issue as inadequately briefed.[12]

In Flores's fourth issue, he asserts that the trial court helped Finance's counsel but announced it was not helping Flores and did not admit Flores's exhibits as hearsay. We are unclear as to what Flores's legal argument is with respect to the trial court's providing assistance to Finance's counsel and its failure to provide him with assistance. He recites no facts to explain his complaint, and we cannot determine what acts of the trial court he complains of. The trial court did state that although "[i]t is not recommended," Flores had the right to represent himself, but that court would not be able to assist Flores in any way. But Flores does not explain how he believes the trial court helped Finance after refusing to help him, and he does not set out any legal theory about how the trial court's actions created reversible error. He cites no authority in support of any legal argument. Accordingly, any complaint based on these assertions is waived as inadequately briefed.[13]

Similarly, with respect to Flores's complaint that the trial court did not admit one of Flores's exhibits on hearsay grounds, he cites no law or facts in support of an argument, and he does not explain what his argument is. Finance objected to several of Flores's exhibits on hearsay grounds, and Flores does not specify

---

[12]*See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

[13]*See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

which exhibits he believes should have been admitted or explain why the trial court abused its discretion by sustaining Finance's hearsay objections. Flores does not explain whether the exhibits were not hearsay or whether they were hearsay but nevertheless should have been admitted under some exception to the hearsay rule.[14] We overrule this issue as inadequately briefed.[15]

In Flores's sixth issue, he asserts that the trial court "circumvented Flores's findings of fact and conclusions. Flores['s] and Edward Shell['s] declaration [were] not admitted at trial. Court abused its discretion on the personal property [trespass] issues." With respect to his complaint about his findings of facts and conclusions of law, we are unclear what his argument is. Prior to the trial, Flores filed in the trial court a document entitled "PLAINTIFF'S FINDING OF FACTS & CONCLUSION'S OF LAW." The document sets out some law regarding his asserted claims, and Flores attached various documents to the filing as exhibits. Flores does not explain what legal effect he believes his filing of this document had. Flores does not explain why he believes that the trial court was bound to consider the document or give it any weight. He cites no law in support of any

---

[14] *See* Tex. R. Evid. 801 (defining hearsay), 803 (providing exceptions to the hearsay rule regardless of whether the declarant is unavailable as a witness), 804 (providing exceptions to the hearsay rule for instances when the declarant is unavailable as a witness).

[15] *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

7

such argument or from which we could determine what argument he is trying to assert. We overrule this part of his sixth issue as inadequately briefed.[16]

At trial, Flores attempted to introduce a declaration he had executed. Finance objected that it was not a proper affidavit and that it was hearsay. The trial court sustained Finance's hearsay objection. But the court explained to Flores that Flores could testify to the same matters that he had included in the declaration. Flores responded, "That's fine. I will testify to it."

To the extent that Flores complains that the trial court should have admitted the declaration, he does not explain why. He cites no law in support of his argument. He does not explain why the declaration was not hearsay or fell within an exception to the hearsay rule. Accordingly, this part of his issue is inadequately briefed.[17] And Flores does not explain why, when he was given the opportunity to testify about the matters included in the declaration, he was harmed by the trial court's exclusion of it.[18] We overrule this part of Flores's sixth issue.

Flores also appears to complain about the trial court's failure to admit the declaration of Edward Shell. We assume Flores refers to a document attached as an exhibit to his "findings of fact and conclusions of law" that he filed with the

---

[16]*See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

[17]*See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

[18]*See* Tex. R. App. P. 44.1.

8

trial court prior to trial. Flores does not explain why the trial court abused its discretion by not admitting it.[19] And more importantly, Flores did not attempt to introduce this declaration at the trial. Accordingly, the trial court did not abuse its discretion by not admitting it.[20] We overrule this part of Flores's sixth issue.

Lastly under this issue, Flores complains about the trial court's handling of "the personal property [trespass] issues." Flores asserts in a supplement to his brief that he had accidentally omitted a point regarding the issue of "[p]ersonal [p]roperty [trespass]." We assume that he means that he omitted any argument related to this part of his sixth issue. In the supplemental brief, Flores reasserts his complaint that Finance employees removed the lock and chain from his gate and in the process committed theft. He also reasserts that prior to repossession of the Tahoe, a Finance employee refused to accept a partial payment. But Flores does not explain the basis of his personal property trespass claim or cite any law in support of such a claim. To the extent that he alleges a theft of the lock and chain, we have already addressed that argument. We overrule this final part of Flores's sixth issue as inadequately briefed.[21]

Finally, we note that Flores's brief does contain citations to authority in that Flores set out the elements for breach of contract, fraud by nondisclosure, and

---

[19]*See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

[20]See Tex. R. App. P. 33.1

[21]*See* Tex. R. App. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284.

unjust enrichment, and he cites to statutes and cases that list those elements. But the authority he sets out does not obviously relate to any of his issues on appeal, and he does not explain how the cited authority supports any of his arguments. Accordingly, the inclusion of this authority does not prevent his issues from being overruled for inadequate briefing.[22]

Having overruled each of Flores's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED: June 20, 2013

---

[22]*See* Tex. R. App. P. 38.1 (requiring the appellant's brief to include *appropriate* citations to authorities).