

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00062-CV

CORNELIUS R. SEPHUS #635586, APPELLANT

V.

SGT R. ROBERTSON ET AL, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 99,527-C, Honorable Ana Estevez, Presiding

July 30, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Cornelius R. Sephus, an inmate proceeding *pro se*, has attempted to appeal from the trial court's dismissal for want of prosecution of his suit alleging violations of his constitutional rights at the hands of various prison officials. Sephus's brief in this case was originally due May 17, 2013, but was not filed by that date. The Court notified Sephus of the late status of his brief and gave him until May 28, 2013, to file his brief. The Court also admonished Sephus that the failure to file a brief by the

deadline may result in dismissal of his case without further notice.  See TEX. R. APP. P. 38.8(a)(1).

On June 3rd and in response to this Court's notice, we received from Sephus a document he identified as "The Plaintiff Appellant's Brief."  Even though the envelope in which his brief was delivered bore a postmark of May 29, 2013, we applied a modified mailbox rule and considered Sephus's brief timely because it appeared from both the certificate of service attached to his brief and the letter accompanying it addressing the Clerk of this Court that Sephus had delivered the document into the prison mail system on May 25, 2013.  See Sephus v. Robertson, No. 07-13-00062-CV, 2013 Tex. App. LEXIS 7383, at *1–2 (Tex.App.—Amarillo June 17, 2013, order) (per curiam) (citing TEX. R. APP. P. 9.2; Warner v. Glass, 135 S.W.3d 681, 682, 684 (Tex. 2004) (per curiam); and Campbell v. State, 320 S.W.3d 338, 343–44 (Tex.Crim.App. 2010)).

Nonetheless, by that same order, the Court directed the Clerk of the Court to reject the brief for filing because the brief failed to comply with the applicable rules "in nearly every formal and substantive aspect."  Id. at *2 (citing TEX. R. APP. P. 38.1).  Of the most notable of the myriad defects was the lack of any discernible basis for reversal of the trial court's judgment.  Id. at *2–3.  Considering that Sephus had tendered a timely but noncompliant brief, we permitted a final opportunity for him to comply with the relevant rules of procedure and gave him until July 8, 2013, to comply.  Id. at *3. Additionally, the Court admonished Sephus that, upon his failure to timely file a brief which substantially complies with the rules, this Court will strike said brief, prohibit him from filing another, and proceed as though he had failed to file a brief at all.  Id. at *3–4 (citing TEX. R. APP. P. 38.9(a)).  Again, the Court specifically warned Sephus that, in the

2

event that he failed to file a substantially compliant brief, the Court is authorized to dismiss this appeal for want of prosecution. Id. at *4 (citing TEX. R. APP. P. 38.8(a)(1)).

On June 28, Sephus filed a motion for extension of time to file his brief, but, on July 8, 2013, he tendered his brief by the previously imposed deadline.[1] As before, this brief is timely but also exceedingly and demonstrably noncompliant in terms of both form and substance. In light of the repeated opportunities the Court has granted to Sephus to file a brief which substantially complies with the applicable rules and his persistent failure to cure the cited defects, we strike the brief tendered July 8, 2013, prohibit Sephus from filing another brief in this appeal, and proceed in this case as though no brief has been filed on behalf of Sephus. See TEX. R. APP. P. 38.8(a), 38.9(a).

Accordingly, as authorized by the Texas Rules of Appellate Procedure, we hereby dismiss Sephus's appeal for want of prosecution. See TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); see also Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.App.—Amarillo 2003, pet. denied) (per curiam).

Per Curiam

---

[1] Consequently, Sephus's pending motion for extension of time to file his brief is denied as moot.