

# NUMBER 13-14-00051-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BLANCA EMID PETTY,                                                          Appellant,

v.

JOHN KENT PETTY,                                                            Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Per Curiam

This is a pro se appeal by appellant Blanca Emid Petty from the divorce decree entered by the trial court dissolving her marriage to appellee John Kent Petty. A review of this appeal shows that the Court first received a brief from appellant on June 19, 2014. This brief did not comply with Texas Rules of Appellate Procedure 9.4 and 38.1. By letter

dated June 20, 2014, the Court notified appellant of these deficiencies. The letter instructed appellant to file an amended brief correcting the deficiencies within thirty days and warned her that if she failed to do so, the Court may strike the brief, prohibit appellant from filing another, proceed as if appellant failed to file a brief, and dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), (c).

On July 21, 2014, appellant filed a motion for extension of time to file her amended brief, which this Court granted. The Court then received appellant's first amended brief on August 25, 2014. The amended brief did not comply with rule 38.1, and by letter issued on August 26, 2014, the Court informed appellant of the deficiencies and instructed appellant to file an amended brief correcting the deficiencies within thirty days. The letter again warned appellant that her failure to comply could result in the Court striking her brief and dismissing the appeal.

On October 9, 2014, appellant timely filed her second amended brief. But having reviewed this latest brief, we are of the opinion that appellant has again failed to comply with the requirements of rule 38.1; the brief presents no cognizable or discernable issues, and to the extent she does state any issues, she provides no coherent argument supported by appropriate citations to legal authority. *See* TEX. R. APP. P. 38.1(f), (i).

Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure."); s*ee also Siddiqui v. Siddiqui*, No. 14–07–00235–CV, 2009 WL 508260, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, pet. denied) (mem. op.) ("While we have compassion

2

for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel."). Appellant has failed to do so in this case. As neutral and unbiased adjudicators of the disputes before us, we may not construct arguments for the parties or conduct research supporting those arguments; if we did, we would be acting as advocates for the parties. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). And to proceed in this case, that is exactly the role the Court would be forced to play. We are prohibited from acting as such. *See id.*

Our having twice given appellant opportunities to comply with the briefing rules and extended periods of time to do so, our having warned her at least twice about the consequence of the failure to comply, and her having thrice tendered to this Court briefs that wholly fail to comply with the rules, we STRIKE as deficient appellant's October 9, 2014 brief. *See* TEX. R. APP. P. 38.9(a). Because appellant has failed to comply with the rules, we DISMISS the appeal.[1] *See* TEX. R. APP. P. 42.3(c).

PER CURIAM

Delivered and filed the 30th
day of October, 2014.

---

[1] Appellant's other pending motions are DENIED as moot.

3