In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00171-CV**

**WINSTON CHARLES HERON, Appellant**

**V.**

**JANE THOMPSON HERON, Appellee**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 19-03-04047-CV**

**MEMORANDUM OPINION**

*Pro se* appellant Winston Charles Heron ("Winston") filed a notice of appeal from "all portions" of the trial court's reformed final decree of divorce, which was signed on March 6, 2020. For the reasons explained herein, we affirm the trial court's judgment.

1

# BACKGROUND

Appellee Jane Thompson Heron ("Jane") filed a petition for divorce from Winston. Jane alleged that if the parties were unable to reach an agreement regarding the division of their property, she should be awarded a disproportionate share of the parties' estate.

Winston filed a *pro se* answer to Jane's petition. In his answer, Winston asserted that Jane's petition was frivolous and filed "for the purpose of harassment" and was "intended to cause unnecessary delay and increase [the] cost of litigation." Winston contended that he and Jane had reconciled, and he argued that Jane had failed to describe any fault. In a subsequent pleading, Winston asserted that he and Jane had attended mediation, resulting in an impasse, and that property distribution was "the single point of contention between the parties[.]"

On September 30, 2019, the trial court conducted a bench trial, at which Winston and Jane were the only witnesses. Jane and Winston each testified regarding the nature and value of their real and personal separate and community property. On November 6, 2019, the trial judge issued a letter ruling, in which she granted a divorce, divided the parties' property, and asked Jane's counsel to prepare a proposed final decree. On December 5, 2019, the trial court issued another letter, reforming its previous rendition.

On January 8, 2020, the trial court signed a final decree of divorce. Jane signed the decree, but Winston did not. Winston filed a motion for new trial on February 5, 2020, and Winston filed a notice that his motion had been set for hearing on March 5, 2020. At the hearing on the motion for new trial, Winston contended that although Jane's counsel "claims that the divorce decree was finalized and signed by [the judge] on January 8[,]" he did not receive notice. The trial judge informed Winston that she signed the document. Winston stated that he did not sign the decree, and that he had "submitted motions to the Court with objections that [were] never considered." Winston asserted that he objected to all of the "conditions" and that it is "not a fair judgment." After hearing the parties' arguments, the trial judge found that Winston's motion for new trial did not state grounds for granting a new trial, but she *sua sponte* reformed the decree to remove the acknowledgment provision and the indemnification provision. The trial judge stated that she would "just black through those paragraphs" and sign a reformed decree. On March 6, 2020, the trial judge signed a reformed final decree of divorce, and on March 10, 2020, the trial court signed an order denying Winston's motion for new trial.

Winston retained counsel, and his counsel filed a second motion for new trial and subsequently withdrew from representing Winston. Winston asserted in the second motion for new trial that the trial court should grant a new trial because "all of the community property of the parties was not divided." Specifically, Winston

argued that the trial court's decree did not divide the parties' life insurance proceeds and did not award the Missouri real estate to either party. Jane filed a response to the motion for new trial, in which she asserted that the proper remedy is a motion to reform the judgment. The record does not reflect that Winston obtained a hearing on this motion. In June 2020, Winston filed a notice of appeal from the March 6 reformed decree of divorce.

ANALYSIS

Winston filed a two-page, single-spaced letter as his appellate brief. Because Winston appears *pro se* on appeal, we will construe his brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied). However, a *pro se* litigant must properly present his case on appeal. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). Appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). An issue that is unsupported by argument or citation to any legal authority presents nothing for the court to review. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). An appellant must put forth specific argument and analysis demonstrating that the record and the law support his contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no

4

pet.). A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *In re Office of Attorney Gen. of Tex.*, 193 S.W.3d 690, 693-94 (Tex. App.—Beaumont 2006, orig. proceeding). "An appellate court has no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Performing such an independent review would constitute abandonment of this Court's role as neutral adjudicator and would make the Court an advocate for *pro se* appellants. *Id.*

In his letter brief, Winston asserted that the trial judge "has reached agreement with" Jane regarding a property settlement, and he requested a thirty-day extension should such a property settlement not occur. Winston also argued that he did not receive notice of the filing of Jane's original petition for post-divorce division of property in a case bearing trial cause number 20-05-05897.[1] Winston also contended in his letter brief that he had accused Jane's counsel of obstruction of justice, and he alleged that the trial judge and various court personnel "may be complicit in this alleged felony." Additionally, Winston asserted that he had sued Jane's counsel in the 284th District Court of Montgomery County. Winston further contended that he had been arrested while attempting to enter the property in Willis.

---

[1]The trial cause number of the matter before this Court is 19-03-04047-CV.

5

Winston's brief does not concisely state his issue for review or contain clear and concise argument for the contentions made or appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). In addition, Winston's brief does not clearly state the nature of the relief sought. *See* Tex. R. App. P. 38.1(j). For all these reasons, we conclude that Winston has failed to properly present any issues for appellate review. *See* Tex. R. App. P. 38.1(f), (i), (j); *San Saba Energy*, 171 S.W.3d at 338; *Strange*, 126 S.W.3d at 677; *Plummer*, 93 S.W.3d at 931. However, in the interest of justice and despite the inadequacies of Winston's brief, we will liberally construe Winston's brief as challenging the trial court's signing of a reformed decree on March 6, 2020. *See Demayo v. Demayo*, No. 09-05-068 CV, 2006 WL 1510873, at *1 (Tex. App.—Beaumont June 1, 2006, no pet.) (mem. op.). All other issues are overruled. *See id*.

When a motion for new trial has been filed, the trial court has plenary power to modify, correct, or reform its judgment until thirty days after the timely-filed motion for new trial is overruled, whether by signed order or by operation of law. Tex. R. Civ. P. 329b(e). As discussed above, Winston timely filed a motion for new trial after the trial court signed its judgment in January, and the trial judge therefore retained plenary power over the case when she signed a reformed decree. Winston has not demonstrated that the trial judge abused her discretion by modifying her

6

decree. *See id*. Accordingly, we overrule Winston's issue and affirm the trial court's judgment.

AFFIRMED.

PER CURIAM

Submitted on March 15, 2021
Opinion Delivered April 29, 2021

Before Golemon, C.J., Kreger and Horton, JJ.