

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00140-CV

---

TERESA C. ANTHONY, APPELLANT

V.

BANK OF AMERICA, N.A., APPELLEE

On Appeal from the County Court of Law Number 3
Lubbock County, Texas
Trial Court No. 2021-577,203, Honorable Benjamin A. Webb, Presiding

December 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.,

Representing herself, Teresa C. Anthony appeals from a final summary judgment

awarding Bank of America, N.A. the sum of $20,427.54 and costs.  The sum reflected the

amount due upon an extension of credit by the Bank to Anthony. Anthony poses two issues for review.[1] We affirm.

### *Issue One*

Through her first issue, Anthony contends that: "[t]he trial court erred as a matter of law in granting summary judgment to Appellee. Summary judgment is not ripe until discovery is complete." Neither substantive argument nor analysis accompanied these two statements. Nor did Anthony discuss the type of discovery she thought necessary or how its completion could benefit her or her defense to the Bank's claim. These circumstances are fatal to her success on appeal. That is, an appellant has the burden to supply the reviewing court with substantive argument explaining the purported error. *Pham v. State Farm Lloyds*, No. 07-17-00366-CV, 2018 Tex. App. LEXIS 8605, at *4-5 (Tex. App.—Amarillo Oct. 22, 2018, no pet.) (mem. op.). Failing to do that means he or she waived the complaint. *Id.*

So too must the appellant illustrate why the purported error caused harm. *Lennon II Family Ltd. P'ship v. Gideo*, No. 02-18-00250-CV, 2019 Tex. App. LEXIS 8018, at *71 (Tex. App.—Fort Worth Aug. 29, 2019, pet. filed) (mem. op); *Guniganti v. C & S Components Co.*, 467 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2015, no pet.); Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment or prevented the appellant from presenting the case to the court). Anthony did not do that, either.

---

[1] The Bank did not favor us with an appellee's brief.

We further note that when a party contends she lacked adequate opportunity for discovery before a summary judgment hearing, she must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). We find neither in the appellate record. That too renders deficient Anthony's complaint about summary judgment being premature due to the need for discovery.

To the extent the content of Anthony's "Summary of Argument" may be considered as support for her complaints under issue one, she posits that: 1) "[t]he material fact that was ripe for trial is whether Appellant 'protested' or disputed the alleged monthly billing statements"; 2) she protested the charges; 3) "[i]n a letter the trial court stated that there were no viable pleadings filed by Appellant (CR249)"; and 4) "[e]vidence shows that Appellant's husband was rightfully enjoined as an indispensable party." Yet, again, those statements were not accompanied by analysis illustrating either why they mattered or how they probably resulted in an improper judgment. We were left to speculate those matters. Thus, Anthony's briefing remained inadequate. Nevertheless, our sua sponte review of the record disclosed the presence of evidence establishing the debt and Anthony's liability for payment.

Simply put, we have no duty to develop argument supporting the complaints urged on appeal. *Manning v. Williams*, 642 S.W.3d 871, 884 (Tex. App.—Texarkana 2021, no pet.). If we were to do so, we would step away from our roles as neutral, unbiased adjudicators. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). And, it matters not that the appellant may be acting pro se. *Id.* The burden lies

with the appellant to develop her argument. Anthony having failed to perform it, we overrule issue one.

### Issue Two

Anthony's second issue concerns requests for admission which apparently went unanswered, the trial court's failure to rule on her request to deem admissions, the trial court's failure to act on her motion to strike witnesses, and the dismissal of the suit due to purported discovery abuse. We overrule this issue for the following reasons.

We begin with the unanswered requests for admission and the trial court's purported failure to deem the requests admitted. Anthony does not discuss why the trial court withholding action on her request mattered. Indeed, she acknowledged such was unnecessary. The initial sentence under issue two exemplifies as much. There, she said: "[i]f a party to whom requests for admission, under Texas Rules of Civil Procedure 198.1, have been directed fails to serve a timely response, the request is 'considered admitted without the necessity of a court order' pursuant to Rule 198.2(c)." That is an accurate statement of the rule. *See Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (acknowledging the lack of need for a court order). So, judicial recognition of admissions already deemed admitted was unnecessary. Similarly unexplained is how or why the Bank's purported admissions affected its entitlement to summary judgment. As before, we are left to speculate about it.

Regarding the motion to strike, she did not file it. The signature line reveals that it was filed by Robert C. Anthony, "*in pro pe*," on his behalf and that of Teresa. Yet, the Bank did not sue Robert, only Teresa. Nor does anything of record indicate Robert became a party to the suit. Moreover, nothing under Robert's signature indicates that he

4

is a licensed attorney, and our search of the Texas State Bar website failed to reveal otherwise. This is of consequence since a non-lawyer may not represent another party in litigation. *Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso no pet.). Robert apparently being a non-lawyer and non-party, his motion filed on behalf of himself and Teresa was a nullity. Thus, there was nothing on which the trial court could act.

That leaves the dismissal of the suit for purported discovery abuse. Anthony cites us to no motion through which she sought such relief. Nor does she cite us to any finding of the trial court indicating that the Bank abused discovery. Nor did our review of the record uncover either. Thus, the request for dismissal was not preserved.

We affirm the trial court's final summary judgment.


Brian Quinn
Chief Justice