

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00414-CV

Carol **TINDELL**,
Appellant

v.

Earl **HILDEBRANDT**,
Appellee

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 21-2401-CV-E
Honorable Heather H. Wright, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori Massey Brissette, Justice
Velia J. Meza, Justice

Delivered and Filed: April 9, 2025

AFFIRMED

Carol Tindell appeals from a judgment that declared certain property the sole and separate property of appellee Earl Hildebrandt and that Tindell has no homestead claim. We affirm.

### BACKGROUND

On November 2, 2021, Hildebrandt filed an original petition, in trial-court cause number 21-2401-CV-E, alleging:

> Hildebrandt and Tindell were ceremonially married in 1994. They have long since separated and they ceased to live together in approximately 1997, when Tindell permanently moved her residence from Texas to Colorado, and she has consistently and continuously maintained her residence in Colorado since that date.

Hildebrandt further alleged that he is the sole owner of certain property in Seguin, Texas (the "Property"). Hildebrandt sought a declaration of the parties' rights with respect to the Property, and specifically a declaration that the Property is not Tindell's homestead. Hildebrandt also filed a motion to expunge lis pendens, which states that a notice of lis pendens had been filed in the official public records of Guadalupe County. According to Hildebrandt's motion:

> The Notice of Lis Pendens states that [Tindell] has a reimbursement claim related to the real property the subject of the Notice of Lis Pendens, however, the Court denied all reimbursement claims at the divorce trial in Cause Number 21-2813-CV-E on October 24, 2022.

Tindell, at that time represented by counsel, answered the lawsuit with a general denial.

On February 2, 2023, the trial court signed a final judgment. The judgment states that the parties appeared through counsel and announced ready for trial. The judgment orders that the Property "is the sole and separate property of [Hildebrandt] and [Tindell] has no claim of homestead or otherwise in or to the property." The judgment also orders the notice of lis pendens expunged. On February 10, 2023, the trial court signed a judgment nunc pro tunc to correct a statement in the original judgment that Tindell had announced ready for trial. The judgment nunc pro tunc states that Tindell "announced not ready for trial. The 'not ready' was overruled." Thereafter, Tindell's counsel filed a motion to withdraw, and Tindell filed a *pro se* notice of appeal.

During the initial stages of this appeal, we ordered the court reporter to file a notification of late record after the reporter's record was past due. Two reporters responded with notifications of late record, which both indicate the record had not been filed because appellant had not paid the reporter's fee for preparation of the record. On June 20, 2023, we ordered Tindell to provide

written proof to this court that the reporter's fee had been paid or arrangements had been made to pay the reporter's fee or that Tindell was entitled to appeal without paying the reporter's fee. Tindell never responded.

On September 20, 2023, one of the court reporters filed two volumes of the reporter's record; however, these two volumes were from trial-court cause number 21-2813-CV-E. One volume (listed as "Volume 2 of 6 Volumes") is a transcript of a proceeding held on September 14, 2022. During that proceeding, the trial court announced it was calling, " 21-2813, In the Matter of the Marriage of Carol Tindell and Earl Hildebrandt" for a bench trial. Hildebrandt's attorney represented: "[W]e're here today on the common law marriage issue. The trial has been bifurcated. . . . [T]he issue today is just whether there was a common law marriage between the years of 1984 and 1994, because in 1994 the parties did have a ceremonial marriage at that time." The other volume (listed as "Volume 5 of 6 Volumes"), consists of exhibits admitted on September 14, 2022.

Tindell filed a brief on December 18, 2023; however, we struck the brief for its failure to comply with the applicable appellate rules, including its failure to include a statement of facts with record references and a legal argument with appropriate citations to legal authorities and the appellate record. *See* TEX. R. APP. P. 38.1(g), (i). We ordered Tindell to file an amended brief.

On April 29, 2024, Tindell filed what we construed as an amended brief. In our order accepting the brief, we noted that the brief includes neither a statement of facts with record references nor a legal argument with appropriate citations to legal authorities and the appellate record. *See id.* Nevertheless, we did not order Tindell to file a second amended brief, but we warned that the submission panel could determine that Tindell had waived one or more issues due to inadequate briefing if the deficiencies were not corrected prior to submission. Thereafter, Hildebrandt filed an appellee's brief, arguing that Tindell had waived any issues by failing to

identify any errors in the record and cite to legal authority. Tindell then filed two letters and another brief, and we submitted the cases without oral argument.

## DISCUSSION

As a *pro se* litigant, Tindell, is held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.).

While *pro se* litigants must comply with the applicable procedural rules, application of the rules "may require a different result when the actor is not a lawyer." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). "[C]ourts should review and evaluate pro se pleadings with liberality and patience." *Li*, 631 S.W.3d at 706 (citation omitted); *see also In re A.G.D.*, No. 07-15-00201-CV, 2016 WL 316879, at *2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (applying standard to *pro se* appellate brief) (cited by *Li*, 631 S.W.3d at 706 n.5). In addition, the Texas Supreme Court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless procedural defects is disfavored.'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585,

587 (Tex. 2008)). "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Horton*, 591 S.W.3d at 569–70 (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *see also Phillips Motors Co. v. Million Auto Parts*, No. 04-19-00391-CV, 2020 WL 1159062, at *2 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.) (affirming judgment where appellant waived complaints by failing to comply with briefing rules).

Reading Tindell's appellate filings with "liberality and patience," *see Li*, 631 S.W.3d at 706, we discern that she complains that Hildebrandt mistreated her during their marriage and left her without financial security. The record does not shed light on these matters, and presumably they were addressed during the divorce proceeding, which occurred in cause number 21-2813-CV-E. Tindell also complains about the trial court's declaration, rendered in cause number 21-2401-CV-E, from which this appeal arises, that she has no claim to the Property. Tindell asserts that she should be entitled to the Property's increase in value based on investments she made in the Property during her marriage to Hildebrandt. Additionally, Tindell complains about the bifurcation of the two cases.

Tindell's filings, however, present nothing for review. Tindell has failed to cite the record in any of her filings. Nevertheless, we have reviewed the record in its entirety. *Cf. Horton*, 591 S.W.3d at 570 ("[N]othing prevents courts from undertaking reasonable efforts to locate evidence described in a [*pro se*] party's brief."). There is no indication that the trial court bifurcated the cases. The record reveals only that in the divorce proceeding, cause number 21-2813-CV-E, the trial court may have bifurcated trial. We have no trial record from cause number 21-2401-CV-E, and we have only two volumes of the reporter's record in cause number 21-2813-CV-E, which

concern whether a common law marriage existed. Tindell's assertions of mistreatment, financial insecurity, and investments made in the Property are not supported anywhere in the appellate record.

Tindell, moreover, has failed to cite any legal authority or provide substantive legal analysis for any contentions made in any of her filings, although we advised her of this deficiency when striking her initial brief and accepting her amended brief. While we are to construe briefing requirements reasonably and liberally,

> as judges, we are to be neutral and unbiased adjudicators of the dispute before us. Our being placed in the position of conducting research to find authority supporting legal propositions uttered by a litigant when the litigant has opted not to search for same runs afoul of that ideal. . . . Under that circumstance, we are no longer unbiased, but rather become an advocate for the party.

*Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *see Palau v. Act Invs., Inc.*, No. 04-19-00823-CV, 2020 WL 5214669, at *2 (Tex. App.—San Antonio Sept. 2, 2020, no pet.) (mem. op.) ("[W]e may not create or support [appellant's] arguments for him."); *cf. Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *5 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.) ("It is not sufficient for an appellant to merely state the trial court erred and cite authority; rather, an appellant must provide argument consisting of legal analysis of the issue.").

In short, Tindell's filings, including her amended brief, her letters, and her additional brief, present nothing for review because they include no record citations or record support and no legal citations or legal analysis. Due to these deficiencies, we hold error is waived. *See* TEX. R. APP. P. 38.1(g), (i); *Horton*, 591 S.W.3d at 569–70; *Plummer*, 93 S.W.3d at 931; *Palau*, 2020 WL 5214669, at *3; *see also In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at *3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("When an appellant . . . fails to cite applicable

authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief[,] nothing is presented for our review, i.e., error is waived.").

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Chief Justice